■ GLADYS FRANKLIN, as Guardian of BERTHA ISRAELS, Appellant, v ARTHUR I. WINARD et al., Respondents, et al., Defendants. [606 NYS2d 162] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about October 27, 1992, which, insofar as appealed from, granted the motion by defendants Arthur I. Winard and Arthur I. Winard, P. C. ("the Winard defendants") to dismiss the third, fourth, fifth, sixth and seventh causes of action of the plaintiff's complaint pursuant to CPLR 3211 (a) (7), with prejudice, as against the Winard defendants, unanimously affirmed, without costs.

On a motion addressed to the sufficiency of a complaint pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and accorded every favorable inference. However, allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, are not entitled to such consideration *(Mark Hampton, Inc. v Bergreen,* 173 AD2d 220, *lv denied* 80 NY2d 788).

The IAS Court properly dismissed the third cause of action, which, in conclusory fashion, seeks compensatory and punitive damages for conversion of the plaintiff's right to purchase a cooperative apartment for plaintiff's failure to allege, as required, that the Winard defendants exercised unauthorized or unlawful control over the plaintiff's property that interfered with the plaintiff's superior rights to the property *(see, Aetna Cas. & Sur. Co. v Glass,* 75 AD2d 786).

The fourth cause of action, which merely alleged that "[s]ome or all" of the defendants had asserted duress and undue influence upon the plaintiff's ward to cause her to exercise an assignment of her insider rights, was properly dismissed as conclusory and also for failure to comply with the specificity requirements of CPLR 3016 (b) *(see, Mance v Mance,* 128 AD2d 448, 449, *lv dismissed and denied* 70 NY2d

668), as the cause of action failed to allege the circumstances in detail and failed to give adequate notice to the court and to the adverse parties of the transactions or occurrences intended to be proved *(see, Stern v Consumer Equities Assocs.,* 160 AD2d 993, 994).

To establish a cause of action for legal malpractice, the plaintiff must show that the attorneys were negligent, that their negligence was the proximate cause of the plaintiff's damages, and that the plaintiff suffered actual damages as a direct result of the attorneys' actions *(see, Marshall v Nacht,* 172 AD2d 727, 727-728). We find that the IAS Court properly dismissed the legal malpractice causes of action of the plaintiff's complaint, with prejudice, since the complaint failed to set forth the requisite allegation, that "but for" the attorneys' alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages *(Stroock & Stroock & Lavan v Beltramini,* 157 AD2d 590, 591).

Finally, the IAS Court properly dismissed the third through seventh causes of action without leave to replead because there was no showing of merit sufficient to justify such leave and satisfy the court that the plaintiff, as the opposing party, has good ground to support the dismissed causes of action pursuant to CPLR 3211 (e) *(see, Wattson v TMC Holdings Corp.,* 135 AD2d 375, 377).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman and Rubin, JJ.