■ PLENTINO REALTY, LTD., Respondent, v SHIRLEY GITOMER et al., Appellants. [628 NYS2d 75] —Order of the Supreme Court, New York County (Martin Evans, J.), entered November 15, 1994, which, *inter alia*, denied defendants' motion for summary judgment, unanimously reversed to the extent appealed from, on the law, and the motion granted, with costs and disbursements payable by plaintiff.

Plaintiff's opposition to the motion lacks evidentiary facts and is based simply on conclusory allegations, which are insufficient to defeat a motion for summary judgment (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231).

The tripartite test governing the establishment of a prima facie case for legal malpractice includes sufficient allegations "that the attorneys were negligent, that their negligence was the proximate cause of the plaintiff's damages, and that the plaintiff suffered actual damages as a direct result of the attorneys' actions" (*Franklin v Winard*, 199 AD2d 220, 221, citing *Marshall v Nacht*, 172 AD2d 727, 727-728).

While plaintiff alleges its attorney, the late Leo Gitomer, had been explicitly told by plaintiff's President not to deliver any copies of the contract of sale for two buildings to prospective purchasers who had acquired a 60-day option to buy those buildings, plaintiff has not sufficiently established that the inclusion of the contract of sale along with the option contract amounted to negligence, the first requirement of this malpractice claim.

Mr. Rappaport, the President of plaintiff, did not state that signed copies of the contract were sent to the prospective purchaser, only that Gitomer "failed to carry out my instructions". Plaintiff concedes that unsigned copies should have been attached to the option agreement; that the prospective purchasers were entitled to a copy of any document which they signed and any documents which were a part of the transaction to which the contract related. Therefore, plaintiff cannot allege negligence on the part of Gitomer in properly forwarding documents to the prospective purchasers, simply because that was against plaintiff's "instructions".

Even assuming, arguendo, that the delivery of the contract was negligent, there has been no showing that it was a proximate cause of plaintiff's injuries. Plaintiff failed to demonstrate that " 'but for' " the alleged malpractice, the "plaintiff would not have sustained some actual ascertainable damages" (*Franklin v Winard*, *supra*, at 221). Thus, plaintiff summarily concludes that if Gitomer had not included the contract of sale along with the option agreement, the prospective purchasers would not have known of those rights contained in the contract of sale and would not, therefore, have attempted to exercise them, instituting the underlying litigation against plaintiff. However, it is clear from the record that the prospective purchasers negotiated, individually and by their attorneys, both the option and sale agreements with the plaintiff. Obviously, such being the case, they would have known of the

contents of both even if Gitomer had not delivered copies of the documents to them. Their decision to bring an action against plaintiff is unrelated, therefore, to the delivery of the documents. Finally, the IAS Court ruled in plaintiff's favor, in the underlying case, finding that the option agreement had not been exercised, and, therefore, the rights contained in the contract of sale had not vested in the prospective purchasers. "To prevail in an action for legal malpractice, the plaintiff must show that the attorney was negligent and that 'but for' the attorney's negligence the plaintiff would have prevailed in the underlying case" (*Pacesetter Communications Corp. v Solin & Breindel*, 150 AD2d 232, 233, *lv dismissed* 74 NY2d 892). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Asch, JJ.