■ FIRST NATIONWIDE BANK, Appellant, v RICHARD M. KONECKY, Respondent. [638 NYS2d 428] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered July 13, 1995, which, insofar as appealed from, granted defendant's motion to dismiss plaintiff's legal malpractice cause of action on the ground of collateral estoppel, unanimously affirmed, with costs.

Plaintiff must allege that defendant's alleged negligence in failing to investigate the mortgage borrowers' fraudulent misrepresentations was a proximate cause of its loss (*see, Franklin v Winard*, 199 AD2d 220, 221). Since the Second Circuit dismissed the plaintiff's Racketeer Influenced and Corrupt Organizations Act ([RICO] 18 USC § 1962 [c], [d]) and State law claims against the mortgage borrowers for failure to plead proximate cause and injury (*First Nationwide Bank v Gelt Funding Corp.*, 27 F3d 763, *cert denied* — US —, 115 S Ct 728), plaintiff is collaterally estopped from litigating the issue of whether there is a causal connection between defendant's alleged negligence and the injury it sustained (*see, Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71). That the specific loans alleged in the instant action had not been foreclosed at the time of the Federal action is immaterial, since the Second Circuit's holding clearly applies to all of the loans on which plaintiff premised its RICO and State law causes of action. Similarly, it is immaterial that the misrepresentations alleged in this action differ from those alleged in the Federal action, since both relate to plaintiff's overvaluation of the properties, which the Federal court found was not a proximate cause of plaintiff's loss. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.