■ Jose Arias, Appellant, v Joseph Kelner et al., Respondents. [663 NYS2d 193] —Judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about November 6, 1996, dismissing the complaint and bringing up for review an order, same court and Justice, entered on or about September 19, 1996, which, *inter alia*, granted defendants' motion for summary judgment, unanimously affirmed, with costs.

The court properly dismissed the complaint for failure to establish proximate cause, a necessary element of legal malpractice, since even if a timely request for an extension to make payments under the underlying settlement agreement had been made, opposing counsel in that underlying action had unfettered discretion to grant or deny such a request (*see, Senise v Mackasek*, 227 AD2d 184; *Plentino Realty v Gitomer*, 216 AD2d 87, *lv denied* 87 NY2d 805). To the extent plaintiff asserts that there was an oral promise of an extension after the deadline, which defendants negligently failed to reduce to writing, opposing counsel in the underlying action was without authority, under the terms of the settlement agreement, to make such an offer, especially without full compliance by plaintiff with the conditions precedent, which performance never occurred. Concur—Rosenberger, J. P., Wallach, Nardelli, Williams and Colabella, JJ.

■ Monica Lam et al., Appellants, v Angel Tang et al., Defendants, and City of New York, Respondent. [664 NYS2d 551] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered September 30, 1996, which granted plaintiffs' motion for disclosure sanctions to the extent of precluding defendant City from introducing evidence at trial "on any matters arising out of the documents and materials" plaintiffs sought to discover, unanimously affirmed, without costs.

Although defendant City was admittedly dilatory in responding to plaintiffs' discovery demands and in complying with previous court orders, it was a proper exercise of discretion to deny plaintiffs' motion to strike defendant's answer and to issue instead an order of preclusion in the absence of evidence demonstrating that the failure to comply was willful or contumacious. The doctrine of law of the case does not bar this disposition based upon new considerations raised by defendant City. Concur—Rosenberger, J. P., Wallach, Nardelli, Williams and Colabella, JJ.