■ ARGYLE CAPITAL MANAGEMENT CORPORATION et al., Appellants, v LOWENTHAL, LANDAU, FISCHER & BRING, P. C., et al., Respondents. [690 NYS2d 256] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered January 8, 1999, dismissing the complaint and bringing up for review an order of the same court and Justice entered August 12, 1998, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), unanimously affirmed, with costs. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff Argyle's causes of action were properly dismissed since the complaint fails to state any facts permitting the inference that Argyle suffered any actual, ascertainable damages as a result of defendants' conduct (*see, Franklin v Winard*, 199 AD2d 220).

Also properly dismissed were the causes of action of plaintiff Exchequer, since defendants are shielded from the liability Exchequer would impose, including liability for legal malpractice, by the broad releases executed in their favor by Exchequer. Under the standard set forth in *Wells v Shearson Lehman / Am. Express* (72 NY2d 11), the reference to agents in the release includes defendants, counsel for the parties to the investment and officers of one of the investors, respectively. We reject plaintiffs' contention that the releases are invalid because they fail to reveal that Nanele's president, Joseph Heilbrun, received a commission for obtaining Exchequer's investment in the project and that neither Nanele nor Heilbrun were investing in the projects. While, in an affidavit in opposition to the motion, Robert Olins, Exchequer's president, stated that he did not learn of Nanele's and Heilbrun's failure to invest until after the releases were executed, the complaint in a related action, verified by Olins, expressly alleges that Exchequer learned of both

the commission and the failure to invest prior to executing the releases. Accordingly, the IAS Court properly held that plaintiffs could not allege that they had been fraudulently induced to sign the releases by defendants' nondisclosure. Nor can Exchequer avoid the effect of the releases it executed by claiming that it obtained its claim of fraudulent inducement, at least partially, when it purchased Over The Rainbow's interest in Jet Freight in November 1995. Although it is true that Over The Rainbow never executed a release in favor of defendants and thus would not by reason of a release have been precluded from asserting a claim for fraud against defendants, the assignment by which its interest in Jet Freight was transferred to Exchequer cannot be read to convey more than Over The Rainbow's ownership interest; there is no indication in the assignment that the transfer of any claim, much less one for fraud, was contemplated by the parties.

We have reviewed plaintiffs' remaining arguments and find them to be unavailing. Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.