■ KATHLEEN COLLERAN, Respondent, v GEORGE ROCKMAN et al., Defendants, and GLEASON & FERZOLA, Appellant. (And a Third-Party Action.) [712 NYS2d 108] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about September 9, 1999, which, insofar as appealed from as limited by appellant's brief, granted plaintiff's motion for reargument of a prior order which had granted defendants' motion for summary judgment, and upon reargument, vacated the prior order and denied summary judgment, unanimously modified, on the law, to the extent of granting defendants' motion for summary judgment dismissing the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff, in this legal malpractice action, seeks to recover for alleged negligent representation by defendants, who, at different times, represented her in a prior personal injury action. In that action, plaintiff sought over $13 million in damages from the State due to an automobile accident wherein she, in the course of operating her vehicle, rear-ended a slow-moving dump truck that was part of a State road-cleaning crew. Her case was settled for $10,000, $5,000 of which went to the State, which had counterclaimed for damage to the truck.

Defendants' assessment of the case was based on evidence that indicated that on the day of the accident, a clear, sunny day according to both parties, the large, brightly-colored dump truck was highly visible to approaching traffic, in accordance

with State regulations. However, the truck may or may not have been using its additional warning devices (arrow light, rooftop beacon, and tail lights), which are "recommended," but not mandated, by the regulations (*see,* 17 NYCRR 300.3 [h] [1] [ii]; *see also,* 17 NYCRR 200.5).

To succeed in her legal malpractice action, plaintiff needed to show that defendants were negligent in their assessment of the case and resulting recommendation to accept the modest settlement, that their negligent advice was the direct cause of her settlement for a lesser amount than she could or would have received, and that she suffered actual damages as a direct result of their advice, i.e., the loss of the difference between her $10,000 recovery and the alleged $1 million that she could or would have recovered (*Plentino Realty v Gitomer,* 216 AD2d 87, *lv denied* 87 NY2d 805; *Franklin v Winard,* 199 AD2d 220).

On their motion for summary judgment, defendants met their burden of demonstrating that the evidence in the personal injury case showed that the State had complied with its duty to make the dump truck highly visible to approaching traffic and plaintiff failed to show that defendants' negligent advice in the personal injury action caused her damages. Concur—Williams, J. P., Tom, Ellerin, Andrias and Saxe, JJ.