■ SERENA CIPRIANI, Appellant, v GREGORY GREEN, ESQ., et al., Respondents, et al., Defendants. [719 NYS2d 570] —Order, Supreme Court, New York County (Helen Freedman, J.), entered July 14, 1999, which, upon the grant of renewal and reargument, granted defendants' previously denied cross motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment dismissing the complaint was properly granted in light of the absence of any triable issue as to whether defendants committed legal malpractice during their representation of plaintiff in her breast implant litigation (see, Plentino Realty v Gitomer, 216 AD2d 87, 88). Plaintiff's primary argument in opposition to summary judgment is that she was damaged because the defendants failed to timely commence a Nevada lawsuit against the corporate parents of the implant manufacturer, Dow Corning. This argument fails because at the time of defendants' representation, the United States District Court for the Northern District of Alabama had recently rendered a determination holding that none of the States from which the silicone breast implant cases had been transferred permitted suit to be brought against the corporate parents of Dow Corning (In re Silicone Gel Breast Implants Prods. Liability Litig. [MDL 926], 837 F Supp 1128). Moreover, subsequent to defendants' representation, plaintiff pro se brought a lawsuit against Dow's corporate parents in the District Court for the District of Nevada, which dismissed plaintiff's lawsuit as barred by the applicable two-year Statute of Limitations based upon its finding that the action accrued when plaintiff discovered her injuries from her breast implants in 1978, some 12 or 13 years before any of defendants had been retained. We note that Dow Corning, Inc., the manufacturer of plaintiff's breast implants, was a strong and viable company at the time suit was instituted. An attorney's "selection of one among several reasonable courses of action does not constitute malpractice." (Rosner v Paley, 65 NY2d 736, 738.) Concur—Rosenberger, J. P., Tom, Ellerin, Rubin and Buckley, JJ.