■ DOLORES SHIVERS, Respondent, v EDWARD FISHMAN et al., Individually and Doing Business as FISHMAN, MELTZER, MADIGAN & CAMPBELL, Appellants. [720 NYS2d 342] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered August 12, 1999, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, summary judgment granted to defendants and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

In order to defeat defendants' summary judgment motion in this legal malpractice action, plaintiff needed to raise a triable issue of material fact that demonstrated that she would have prevailed in the underlying slip and fall action but for defendants' failure to properly commence it (*see*, *Colleran v Rockman*, 275 AD2d 222; *Plentino Realty v Gitomer*, 216 AD2d 87, *lv denied* 87 NY2d 805). However, she fails in this regard as a matter of law in that the record is bereft of any facts as to how her accident occurred, thus rendering it impossible to determine the likelihood that she would have prevailed. Her only relevant submissions were a conclusory statement in her complaint that she slipped and fell on ice at a certain time and place, and the affirmation of her attorney, who had no personal knowledge of the accident and who merely made a conclusory statement as to the liability of the entity purportedly responsible for snow removal at the time and place in question (*see*, *Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 342). Concur—Sullivan, P. J., Nardelli, Williams, Tom and Friedman, JJ.