■ DWECK LAW FIRM, L. L. P., Plaintiff and Counterclaim Defendant-Appellant, v CYNTHIA A. MANN, Defendant and Counterclaim Plaintiff-Respondent, et al., Defendant. [727 NYS2d 58] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 21, 2000, which denied plaintiff's motion to dismiss defendant's counterclaim, unanimously reversed, on the law, without costs, the motion granted and the counterclaim dismissed. The Clerk is directed to enter judgment in favor of counterclaim defendant-appellant dismissing the counterclaim as against it.

Defendant and counterclaim plaintiff-respondent Cynthia Allen Mann was terminated from her employment at First Union National Bank on September 17, 1998. She retained plaintiff law firm to prosecute a claim for wrongful discharge, age and gender discrimination and harassment. The original retainer was on an hourly basis, but when the client became concerned with accumulating legal bills, she requested that the legal fee be changed to a partial contingency fee, to which the firm agreed. The fee arrangement, then, was that the firm was entitled to hourly billing, but agreed to be paid against the recovery in her lawsuit. The firm commenced the action and conducted preliminary investigative and legal services, including document collection and negotiation. As a result, Mann subsequently received a settlement offer in the amount of $1,035,000. Mann rejected the offer. The parties then proceeded to mediation, where the offer was made, and rejected, again. Mann subsequently discharged the firm, without paying it for its services, but filed a complaint with the Equal Employment Opportunity Commission and also tried negotiating with her former employer on her own.

The firm, concluding that Mann was engaging in a subterfuge

to avoid paying her legal fee, commenced the present declaratory judgment action seeking a declaration that it had fully performed its obligations, that Mann had been offered $1,035,000 as a result of its services, and that it was entitled to its contractual fee pursuant to the retainer agreement from any settlement recovered by or judgment entered on behalf of Mann. She counterclaimed for legal malpractice. In the counterclaim, she contended that the firm had tried coercing her into accepting the settlement offer solely to recover a fee, that the offer was not in her best interests, that it coerced her into releasing confidential information to her former employer that she had prepared only for the firm, that the firm had released inaccurate or unauthorized information to her former employer, and that the firm subsequently interfered with her attempts to negotiate a settlement with the former employer at a point in time when counsel no longer represented her, and that, as a result of this interference, she was obliged to hire new counsel. On the counterclaim, she sought $500,000. In opposing, the law firm countered that it had only filed a declaratory judgment action seeking to properly enforce its legal rights, had placed counsel for the former employer on notice of such and, in order to protect Mann, filed the declaratory judgment action under seal. The law firm contends that she was not damaged and that the counterclaim did not make out a cognizable claim sounding in legal malpractice. The IAS court found that the counterclaim stated a cause of action and that the motion for summary judgment was premature. We disagree.

As we have often stated, in order to prevail in an action for legal malpractice, the plaintiff must plead factual allegations which, if proven at trial, would demonstrate that counsel had breached a duty owed to the client, that the breach was the proximate cause of the injuries, and that actual damages were sustained (*Franklin v Winard*, 199 AD2d 220). Unsupported factual allegations, conclusory legal argument or allegations contradicted by documentation, do not suffice (*Franklin v Winard, supra*). Attorneys may select among reasonable courses of action in prosecuting their clients' cases without thereby committing malpractice (*Rosner v Paley*, 65 NY2d 736, 738), so that a purported malpractice claim that amounts only to a client's criticism of counsel's strategy may be dismissed. Moreover, the client must plead specific factual allegations establishing that but for counsel's deficient representation, there would have been a more favorable outcome to the underlying matter (*Franklin v Winard, supra*). In the present case, Mann's allegations fail to satisfy the threshold standard necessary to

maintain a legal malpractice action. Moreover, her claim of damages remains speculative and unascertainable, also warranting dismissal (*Zarin v Reid & Priest*, 184 AD2d 385).

Accordingly, we reverse to dismiss the counterclaim. Concur—Nardelli, J. P., Tom, Ellerin and Rubin, JJ.