■ LINDA BLOCK, Respondent, v BRECHER, FISHMAN, FEIT, HELLER, RUBIN & TANNENBAUM, Appellant. [753 NYS2d 84] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered July 13, 2001, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant's motion to dismiss the complaint should have been granted because plaintiff failed to establish that the firm had a duty to bring a personal injury action or, on behalf of decedent's estate, an action for wrongful death or a claim for workers' compensation death benefits, and thus failed to establish the first element of a legal malpractice cause of action (*see Greenwich v Markhoff*, 234 AD2d 112, 114). Defendant's documentary evidence establishes that, as of October 31, 1994, the decedent understood and agreed that the firm would represent him in his workers' compensation claim only and would not handle any other claims against third parties arising out of his occupational exposure to asbestos. No question of fact is raised in this regard by defendant's earlier agreement to represent the decedent in a claim for Social Security disability benefits or by its subsequent recommendation to the decedent of another firm to handle his potential personal injury action. Plaintiff does not complain of defendant's representation of the decedent in his workers' compensation claim, the sole purpose of defendant's retention by the decedent. Indeed, defendant, who was never notified of the decedent's death in 1995, apparently received no response from the decedent's family after sending hearing notices, as appropriate, to his home address in 1997. The decedent's estate never retained defendant and, contrary to plaintiff's contention, the simplicity and informality of the procedure for preserving a workers' compensation death claim does not constitute an exception to the general rule that,

absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable for professional negligence to third parties not in privity (*see Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 170 AD2d 108, 118, *affd* 80 NY2d 377). Concur—Nardelli, J.P., Rosenberger, Ellerin and Williams, JJ.