■ ABRAHAM BERKOWITZ, Respondent, v FISCHBEIN, BADILLO, WAGNER & HARDING, Appellant, et al., Defendants. [777 NYS2d 99]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered February 24, 2003, which, to the extent appealed from, granted plaintiff's cross motion for leave to serve an amended complaint to assert allegations of fraud against defendant Fischbein, Badillo, Wagner & Harding (the Fischbein firm), unanimously reversed, on the law, without costs, the cross motion denied and the complaint as against this defendant dismissed. The Clerk is directed to enter judgment in favor of the Fischbein firm dismissing the complaint as against it.

In May 1996, plaintiff Abraham Berkowitz, Jack Lefkowitz and Joseph Lombardi formed 27 North Moore Associates, LLC (North Moore), a limited liability corporation. Its purpose was to acquire, develop and convert 27 North Moore Street into residential and commercial condominium units for sale to the public. The Fischbein firm was retained to represent North Moore. It drafted an offering plan, which was submitted to the Attorney General on September 29, 1997 and declared effective on November 12, 1998.

In 1999, conflicts arose among North Moore's founding members. Plaintiff retained defendant Jack Segal of the law firm of Segal & Fell to represent him in the negotiation of a buyout agreement. The agreement provided for plaintiff to sell his 40% interest in the corporation to Lefkowitz for $4.8 million as of April 26, 1999. The Fischbein firm represented Lefkowitz during this transaction. Plaintiff and Lefkowitz signed identical releases, which were incorporated into the buyout agreement. Berkowitz's release discharged Lefkowitz, as well as his "employees, agents, affiliates, successors, and assigns" from liability in all "actions, causes of action, suits . . . whatsoever, in law admiralty or equity, which against [Lefkowitz], [Berkowitz] ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause [or] thing whatsoever from the beginning of the world to the day of this RELEASE arising out of matters related to 27 North Moore Associates, LLC."

In January 2001, the Attorney General brought an action against North Moore, Berkowitz and others. He alleged that there was fraud in the construction of the condominiums and omissions in the offering plan relating to the physical condition of the property. The board of managers of the condominium also brought an action naming Berkowitz as a defendant. The two lawsuits were consolidated. In a stipulation dated February 6, 2002, Berkowitz agreed to pay $304,000 to settle all claims brought against him personally.

Plaintiff then brought this action against the Fischbein firm, Jack Segal, Esq. and Segal & Fell. He alleged negligence, malpractice, breach of fiduciary duty and breach of contract against the defendants. Plaintiff also asserted that defendants were negligent in failing to file an amended offering plan to remove Berkowitz's name from the list of members or managers of the corporation. Plaintiff claimed that he would not have been sued but for the firms' negligence, and thus he would not have spent $500,000 defending and settling the two lawsuits.

Defendants moved, by two separate motions, to dismiss the complaint pursuant to CPLR 3211 (a) (7). In their motion, the

Fischbein firm specifically argued that plaintiff was represented by separate counsel in the negotiation of the buyout agreement. It contended that there was no privity or duty owed by it to plaintiff. To overcome this argument, plaintiff cross-moved to amend his complaint to assert allegations of fraud against the Fischbein firm. Berkowitz alleged that between May 29, 1997 and October 27, 1998, the Fischbein firm conspired with Lefkowitz to force Berkowitz out of the corporation. Berkowitz also claimed that during the same period, unauthorized checks and wire transfers totaling over $500,000 were made to the Fischbein firm without Berkowitz's signature as required by North Moore's operating agreement.

The IAS court sustained that portion of plaintiff's complaint alleging legal malpractice as against defendants Steiner and Segal & Fell, and dismissed the claims against the Fischbein firm. However, it also granted plaintiff's cross motion to amend the complaint to allege that the Fischbein firm committed fraud. We reverse to the extent appealed from, deny plaintiff's cross motion to amend and dismiss the complaint against the Fischbein firm.

The court properly dismissed the original complaint against the Fischbein firm. It was correct to hold that a law firm has no duty to a third party not in privity, here plaintiff Berkowitz, for harm caused by professional negligence or malpractice, unless it is alleged that the firm committed acts constituting fraud, collusion, malicious acts or other special circumstances (*Block v Brecher, Fishman, Feit, Heller, Rubin & Tannenbaum*, 301 AD2d 400 [2003], *lv denied* 100 NY2d 509 [2003]; *Viscardi v Lerner*, 125 AD2d 662 [1986]). However, the amended complaint should similarly have been dismissed because the complained-of fraudulent conduct predated, and is thereby barred by, the general release. The terms of that release, executed on April 26, 1999 as part of the buyout agreement, are broad. They discharge Lefkowitz and his "agents" from liability in any action brought by Berkowitz "by reason of any matter, cause [or] thing whatsoever from the beginning of the world to the day of this RELEASE arising out of matters related to 27 North Moore Associates, LLC." Because the Fischbein firm represented Lefkowitz in negotiating the buyout agreement, it was his agent and is thus immunized from liability under the terms of the release (*see Argyle Capital Mgt. Corp. v Lowenthal, Landau, Fischer & Bring*, 261 AD2d 282 [1999], *lv denied* 93 NY2d 817 [1999] [reference to agents in release includes counsel for the parties]; *see Wells v Shearson Lehman/American Express*, 72 NY2d 11 [1988]). Concur—Nardelli, J.P., Mazzarelli, Saxe and Friedman, JJ.