■ DAVID S. ABRAMSON, Appellant, v SHELDON HERTZ et al., Respondents. [798 NYS2d 20]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 25, 2005, which, to the extent appealed from, denied plaintiff's motion for summary judgment and to dismiss defendants' affirmative defenses, and granted plaintiff's motion to dismiss defendants' legal malpractice counterclaim without prejudice to its reassertion, unanimously affirmed, without costs.

Plaintiff failed to adduce evidence sufficient to make out a prima facie entitlement to the attorneys' fees sought on either a breach of contract or an account stated theory. The invoices submitted by plaintiff for the first time in his reply papers were properly disregarded by the motion court (*see Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625-626 [1995]).

Inasmuch as the record provides no clear indication respecting when the services for which compensation is sought were rendered, the court properly denied dismissal of the statute of limitations defense.

Finally, since it appears from the allegations in defendants' opposition affirmation that they may well have a cause of action for legal malpractice (*see Franklin v Winard*, 199 AD2d 220, 221 [1993]), and in light of the factual questions precluding a determination at this juncture that such a claim would be time-barred, defendants' insufficiently pleaded malpractice counterclaim was properly dismissed without prejudice to its reassertion.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.