■ MEL BLUM, Respondent-Appellant, v ALLEN PERLSTEIN et al., Appellants-Respondents, BRIAN SEROTTA et al., Respondents, et al., Defendant. [851 NYS2d 596]—

In an action, in effect, to recover damages for breach of fiduciary duty, fraud, legal malpractice, and violation of Judiciary Law § 487, the defendants Allen Perlstein, Anthony Acampora, and Silverman, Perlstein & Acampora, LLP, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated September 19, 2006, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action to recover damages for breach of fiduciary duty and fraud, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted those branches of the motion of the defendants Allen Perlstein, Anthony Acampora, and Silverman, Perlstein & Acampora, LLP, which were pursuant to CPLR 3211 (a) to dismiss the causes of action to recover damages for legal malpractice and violation of Judiciary Law § 487.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the motion of the defendants Allen Perlstein, Anthony Acampora, and Silverman, Perlstein & Acampora, LLP, which were pursuant to CPLR 3211 (a) to dismiss the causes of action to recover damages for breach of fiduciary duty and fraud are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Allen Perlstein, Anthony Acampora, and Silverman, Perlstein & Acampora, LLP.

On their motion to dismiss, the defendants Allen Perlstein, Anthony Acampora, and Silverman, Perlstein & Acampora, LLP (hereinafter the defendants) demonstrated that the allegedly improper conduct that they engaged in, which predated a general release that the plaintiff executed before he commenced the instant action, came within the ambit of that release. The defendants also demonstrated that the release applied to them, as they represented the releasee, and the plaintiff discharged the releasee and its "agents" from liability (*see Berkowitz v Fischbein, Badillo, Wagner & Harding,* 7 AD3d 385, 387 [2004]; *Argyle Capital Mgt. Corp. v Lowenthal, Landau, Fischer & Bring,* 261 AD2d 282 [1999]). Accordingly, the Supreme Court,

which dismissed the causes of action to recover damages for legal malpractice and violation of Judiciary Law § 487 on the ground that they failed to state a cause of action (*see* CPLR 3211 [a] [7]), should have dismissed those causes of action, as well as the remaining causes of action against the defendants, as barred by the release (*see* CPLR 3211 [a] [5]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Ritter, Miller and Covello, JJ., concur.