■ Brian Cohen et al., Appellants, v Michael Weitzner, Esq., et al., Respondents. [850 NYS2d 410]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered August 18, 2006, dismissing the complaint pursuant to an order, same court and Justice, entered August 7, 2006, which, in this action for legal malpractice and negligent misrepresentation, granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs were delinquent in filing tax returns for the years 1997 through 2002 and finally filed them all in 2003, after which they received from the IRS a statement of their tax liability as they and their accountant had computed and reported it, penalties assessed for late filing and late payment, and interest. Plaintiffs then retained defendants to seek an abatement of the late filing and late payment penalties on the ground of plaintiff Brian Cohen's medical condition. The IRS proposed, and plaintiffs accepted, a settlement pursuant to which the penalties for 1997 and 1998 were fully abated and plaintiffs were given

one year to pay the remaining taxes, penalties and interest owed.

Plaintiffs allege that the settlement required them to pay more in taxes than they had anticipated based on a spreadsheet prepared for them by defendants in which, due to a typographical error, their tax liability for the year 2000 was understated by $121,000, and that they have been damaged in that amount by defendants' misrepresentation. However, plaintiffs' tax liability was correctly reflected in the returns they filed before retaining defendants and entering into the settlement agreement. In any event, their tax liability was not the subject of the negotiations with the IRS. Thus, plaintiffs fail to allege how defendants' error damaged them (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421-422 [1996]; *Zarin v Reid & Priest*, 184 AD2d 385, 386-387 [1992]). Further, as defendants were retained to try to obtain a reduction in the penalties assessed against plaintiffs, and they succeeded, there can be no claim that they breached a duty to plaintiffs (*see generally Dweck Law Firm v Mann*, 283 AD2d 292, 293 [2001]). Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ.