■ JOSEPH G. HUGAR et al., Appellants, v DAMON & MOREY LLP et al., Respondents. [856 NYS2d 434]—

Appeal from an amended order of the Supreme Court, Erie County (John A. Michalek, J.), entered October 5, 2007 in an action for breach of fiduciary duty and legal malpractice. The amended order granted the motion of defendants to dismiss the complaint.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for breach of fiduciary duty and legal malpractice arising out of defendants' representation of plaintiffs and two other individuals and their respective limited liability companies in the formation of Aurora Healthcare LLC (Aurora). When Aurora terminated the employment of Joseph G. Hugar (plaintiff), defendants continued to represent Aurora and its remaining principals in negotiations with plaintiff to resolve his claims against Aurora and its two remaining principals and their respective limited liability companies. Plaintiff and his own limited liability company, plaintiff LKC, LLC, retained new counsel during the negotiations, and their claims were eventu-

ally resolved. Plaintiff then, on behalf of both plaintiffs, executed a settlement agreement that included a general release (Settlement Agreement). Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), contending that the action is barred by the covenants and general release in the Settlement Agreement. We conclude that Supreme Court properly granted the motion.

We agree with plaintiffs that the terms of the general release do not apply to defendants because they were not "Grantees and their respective successors and assigns," and those were the only parties encompassed by the general release. We conclude, however, that the complaint was properly dismissed because the action is barred by the covenant not to sue in the Settlement Agreement. Pursuant to that covenant, plaintiffs agreed not to institute any action at law or equity or to assert any claim against various entities relating to any "Company Matters." The term "various entities" includes "Company Affiliates," and the Settlement Agreement defines company affiliates as, inter alia, the parties to the agreement, as well as "all agents and employees thereof."

Defendants, as the attorneys for Aurora as well as the remaining principals and their respective limited liability companies, are agents of parties to the Settlement Agreement and thus are covered by the unambiguous terms of the Settlement Agreement (*see Blum v Perlstein*, 47 AD3d 741, 742 [2008]; *Berkowitz v Fischbein, Badillo, Wagner & Harding*, 7 AD3d 385, 386-387 [2004], *lv dismissed* 3 NY3d 767 [2004]; *Argyle Capital Mgt. Corp. v Lowenthal, Landau, Fischer & Bring*, 261 AD2d 282 [1999], *lv denied* 93 NY2d 817 [1999]; *see generally Wells v Shearson Lehman/American Express*, 72 NY2d 11, 18-19 [1988], *rearg denied* 72 NY2d 953 [1988]).

Contrary to the further contention of plaintiffs, the subject matter of the action is covered by the covenant not to sue inasmuch as it relates to "Company Matters." The Settlement Agreement defines that term as including "any other dealings between [plaintiffs] . . . and any . . . Company Affiliate . . . occurring or arising prior to the date hereof." That general language covers the allegations of legal malpractice and breach of fiduciary duty set forth in the complaint.

We reject plaintiffs' contention that the general release and covenant not to sue should be deemed void based on defendants' alleged violation of a fiduciary duty owed to plaintiffs (*see generally Blum*, 47 AD3d 741 [2008]; *Berkowitz*, 7 AD3d at 387). Finally, plaintiffs contend that defendants should be precluded from relying upon the general release and covenant not to sue

based on their alleged failure to explain the scope of the release to plaintiffs. That contention is raised for the first time on appeal and thus is not properly before us (*see generally Oram v Capone*, 206 AD2d 839, 840 [1994]; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.