■ Coby Group, LLC, Appellant, v David Kriss et al., Respondents. [881 NYS2d 101]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered July 2, 2008, which, following the conversion of defendant attorneys' (collectively Kriss) pre-answer motion to dismiss to a motion for summary judgment, granted defendants summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff alleges that Kriss represented it in connection with its efforts to obtain financing for a purchase of real estate, and that Kriss betrayed plaintiff by representing two potential

coventurers (collectively Adjmi) whose interests were adverse to plaintiff. Summary judgment was properly granted on the basis of the release that plaintiff gave Adjmi in settlement of an action that Adjmi brought to enjoin plaintiff's dealings with the prospective purchaser of the real estate on flip sale from plaintiff. That release, in clear and unambiguous terms, broadly and expressly releases Adjmi's "agents and attorneys from any and all liability and accountability, directly or derivatively through Coby or otherwise" (see *Wells v Shearson Lehman/ American Express*, 72 NY2d 11 [1988]; *Argyle Capital Mgt. Corp. v Lowenthal, Landau, Fischer & Bring*, 261 AD2d 282 [1999], *lv denied* 93 NY2d 817 [1999]); it does not limit the word "attorneys" and does not exclude the claims that plaintiff asserts herein. We reject plaintiff's contention that the release bars its claims against Kriss only in his capacity as Adjmi's attorney, not as plaintiff's attorney. First, at the time of the release plaintiff's principals were aware that Kriss was representing Adjmi; second, the record does not support a reasonable belief by plaintiff that it was ever represented by Kriss separate and apart from his representation of Adjmi (see *Jane St. Co. v Rosenberg & Estis*, 192 AD2d 451 [1993], *lv denied* 82 NY2d 654 [1993]). Plaintiff, a sophisticated real estate investment company, was introduced to Kriss by Adjmi when plaintiff and Adjmi were contemplating a joint venture. While it appears that Kriss purported to represent plaintiff while Adjmi and plaintiff had coinciding interests in obtaining financing, Kriss did so primarily in order to protect Adjmi's investment in the venture. The record demonstrates that plaintiff and Adjmi were at all times represented by separate counsel who worked together while their clients' interests were aligned, and stopped working together once their interests diverged. We have considered plaintiff's other arguments and find them unavailing. Concur— Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ. [*See* 2008 NY Slip Op 31855(U).]