United States Life Ins. Co. in the City of N.Y. v Horowitz (2021 NY Slip Op 01877)





United States Life Ins. Co. in the City of N.Y. v Horowitz


2021 NY Slip Op 01877


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 650221/19 Appeal No. 13365 Case No. 2020-03494 

[*1]The United States Life Insurance Company in the City of New York, Plaintiff-Respondent-Appellant,
v
Steven A. Horowitz et al., Defendants-Appellants-Respondents, Samuel Zevy Goldberg Also Known as Shmuel Goldberg, Defendant-Respondent.


Meyer, Suozzi, English & Klein, P.C., Garden City (Kevin Schlosser of counsel), for appellants-respondents.
Fishkin Lucks LLP, New York (Steven M. Lucks of counsel), for respondent-appellant.
Barnes & Barnes, PC, Melville (Leo K. Barnes, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about July 24, 2020, which granted defendants' motions to dismiss the causes of action for fraudulent inducement, conspiracy to commit fraudulent inducement, and aiding and abetting fraudulent inducement, and denied that part of the motion of attorney -defendants Steven A. Horowitz, Eli A. Rubenstein and Horowitz and Rubenstein, LLC to dismiss the cause of action under Judiciary Law § 487, unanimously affirmed, with costs.
The elements of a claim for fraudulent inducement are "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Plaintiff's reliance on a videotaped statement was not reasonable as a matter of law since plaintiff was aware of the inconsistencies in the statements made in the video for months prior to entering into the settlement and failed to further investigate (Rubin v Sabharwal, 171 AD3d 580, 580 [1st Dept 2019]; Cascardo v Dratel, 171 AD3d 561, 561-562 [1st Dept 2019]). Since the fraudulent inducement claims fail, the claims for conspiracy and aiding and abetting also fail (see Oster v Kirschner, 77 AD3d 51 [1st Dept 2010]; Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]).
Judiciary Law § 487(1) provides that an attorney who is "guilty of any deceit or collusion, or consents to any deceit or collusion with intent to deceive the court or any party . . . is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages to be recovered in a civil action." Judiciary Law § 487 does not require a showing of detrimental reliance (see Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 178 [2020]). Contrary to the holding in Blum v Perlstein (47 AD3d 741 [2d Dept 2008] ) which cited to this Court's decisions in Berkowitz v Fischbein, Badillo, Wagner & Harding ( 7 AD3d 385 [1st Dept 2004]) and Argyle Capital Mgt. Corp. v Lowenthal, Landau, Fischer & Bring (261 AD2d 282 [1st Dept 1999]), none of which dealt with a violation of Judiciary Law § 487, a decision we decline to follow because Judiciary Law § 487 is a statute that has its origins in the penal law and its "intent is to enforce an attorney's special obligation to protect the integrity of the courts and foster their truth seeking function"(Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009]), here, the release did not bar plaintiff's claim under Judiciary Law § 487 (see Schindler v Issler & Schrage, 262 AD2d 226, 228-229 [1st Dept 1999][allowing claim based on violation of Judiciary Law § 487 to proceed despite settlement of the underlying action]). Here, the deceit and collusion were in obtaining the settlement and release. Plaintiff's [*2]claim alleges deceitful conduct in the Kings County action where the attorney-defendants purportedly bribed a nonparty witness (by giving him cash and a Rolex watch) to make false statements that they later presented to plaintiff to exact a favorable settlement and obtain a release. Furthermore, the release covers only claims that could have been asserted in connection with the policy and those claims that were known to it at the time. Since it is alleged that the attorney-defendants violated Judiciary Law § 487, and engaged in a separate fraud from the subject of the release (Centro Empresarial Cempresa S.A. v America Movil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]), the motion to dismiss plaintiff's claims against the attorney-defendants for violation of Judiciary Law § 487(1) was properly denied. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021