21-484-cv
Allegrino v. Ruskin Moscou Faltischek, P.C.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of November, two thousand twenty one.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
                     *Circuit Judges,*
             DIANE GUJARATI, [1]
                     *District Judge.*

_____

ANTHONY J. ALLEGRINO, II,

     *Plaintiff-Appellant,*

     v.                                                                21-484-cv

RUSKIN MOSCOU FALTISCHEK, P.C.,
JOHN G. FARINACCI, MARTIN A. COHEN, BRUCE DUNN,

     *Defendants-Appellees.*

_____

Appearing for Appellant:     Anthony J. Allegrino, II, pro se, Beverly Hills, CA.

---

[1] Judge Diane Gujarati, United States District Court for the Eastern District of New York, sitting by designation.

Appearing for Appellee:      J'Naia L. Boyd (Shari Claire Lewis, Rivkin Radler LLP, Uniondale, N.Y., *for* Ruskin Moscou Faltischek P.C. and Farinacci.

Ralph L. Puglielle, Jr., Drake Loeb PLLC, New Windsor, N.Y., *for* Cohen and Dunn.

Appeal from the United States District Court for the Southern District of New York (Halpern, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Anthony J. Allegrino II, a disbarred attorney proceeding pro se, sued the law firm Ruskin Moscou Faltischek, P.C. ("RMF") and its attorney John G. Farinacci, as well as attorneys Martin A. Cohen and Bruce Dunn for legal malpractice, alleging that they failed to properly represent him in a probate proceeding. Allegrino alleged that he was the sole beneficiary of an estate under a 2006 will that was not accepted to probate, according to a 2006 will, but that the will was not accepted to probate because the defendants failed to represent him at a court hearing. The district court dismissed Allegrino's second amended complaint for failure to state a claim and denied leave to amend the complaint for a third time. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (citation omitted). In New York, "[t]o establish a cause of action for legal malpractice, the plaintiff must show that the attorneys were negligent, that their negligence was the proximate cause of the plaintiff's damages, and that the plaintiff suffered actual damages as a direct result of the attorneys' actions[.]" *Franklin v. Winard*, 606 N.Y.S.2d 162, 164 (1st Dep't 1993). "The New York Court of Appeals has made it clear that a cause of action for legal malpractice pose[s] a question of law which [can] be determined on a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (alterations in original) (internal quotation marks omitted).

The district court properly dismissed the legal malpractice claims against RMF and Farinacci. A plaintiff cannot state a legal malpractice claim against an attorney where the actions of the attorney giving rise to the claim fall outside of the scope of the attorney's representation. *See Hallman v. Kantor*, 901 N.Y.S.2d 284, 286-87 (2d Dep't 2010). Here, the two retainer agreements between Allegrino and RMF specifically provided that RMF and Farinacci would represent Allegrino only with respect to the appeal of the probate proceeding to the Appellate Division. Neither agreement provided for representation in the underlying probate proceeding. The first agreement stated that RMF agreed only to evaluate the possible merits of an appeal; the firm did not agree to pursue the appeal. In the second agreement, RMF agreed to represent Allegrino in the Appellate Division appeal only and explicitly stated that the representation did not include "any proceedings in the Surrogate's Court" related to the 2006 will.

2

Allegrino's reliance on additional evidence is insufficient to establish an enforceable contract. "To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Kowalchuk v. Stroup*, 873 N.Y.S.2d 43, 46 (1st Dep't 2009) (citing 22 N.Y. Jur. 2d, Contracts § 9). A meeting of the minds is "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Stonehill Capital Mgmt., LLC v. Bank of the West*, 28 N.Y.3d 439, 448 (2016) (internal quotation marks omitted). "In determining whether the parties intended to enter a contract, and the nature of the contract's material terms, [courts] look to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds." *Id.* at 448–49 (internal quotation marks omitted). The evidence, including "attendant circumstances, the situation of the parties, and the objectives they were striving to attain," is viewed in its totality. *Id.* at 449.

The allegations and evidence presented here do not show that Allegrino, RMF, and Farinacci had a meeting of the minds with respect to representing Allegrino in the probate proceeding. The handwritten amendment to the retainer agreement demonstrates only that Allegrino wrote on the document. It does not contain any initialing or a signature showing that a representative from RMF agreed to the change. Further, an April 21, 2017 letter from RMF to Allegrino suggests that RMF never entered into any contract to represent Allegrino beyond the appeal because RMF stated it had never contracted to represent Allegrino in the probate proceeding. The district court thus properly dismissed the claims against RMF and Farinacci.

The district court also properly dismissed the legal malpractice claims against Cohen and Dunn. To establish a cause of action for legal malpractice, the plaintiff must show that "the plaintiff suffered actual damages as a direct result of the attorneys' actions[.]" *Franklin*, 606 N.Y.2d at 164. The attorney's action or inaction must have been the "but for" cause of the plaintiff's damages. *See Plentino Realty, Ltd. v. Gitomer*, 628 N.Y.S.2d 75, 88-89 (1st Dep't 1995). Speculation alone is insufficient to establish causation. *See Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, LLP*, 750 N.Y.S.2d 277, 281 (1st Dep't 2002) (causation relies on prima facie proof that the client would have succeeded; "a legal theory of causation cannot be sustained on surmise").

Allegrino cannot show that Cohen's and Dunn's failure to appear on the April 2017 return date was the but for cause of the 2006 will being denied admission to probate. The 2006 will was not denied admission to probate on the actual return date; instead, the parties were given time to submit papers and documentation outlining their respective positions. Allegrino failed to submit any response in the three months between the April 2017 hearing date and July 2017 deadline to file supporting documentation in support of his position. Allegrino argues that the probate proceeding was straightforward and that the will "should have sailed right through without hurdles." But mere speculation is not sufficient to defeat a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). As the district court discussed, multiple steps needed to occur before the probate court could admit the 2006 will to probate—including a hearing with testimony—none of which would likely have occurred on the return date. The surrogate's court was required to determine that the 2006 will's execution was valid before admitting the will to probate. *Matter of Falk*, 845 N.Y.S.2d 287, 290 (1st Dep't 2007). In order

3

to show that the will's execution was valid, Allegrino would have needed to show that the decedent's signature on the 2006 will was genuine—and thereby overcome a report from a forensic handwriting expert that stated it was "highly probable" that the signature was not genuine—and convince two witnesses to recant their deposition testimony. *See id.* (the proponent of a purported will had the burden of demonstrating that the will was duly executed). The witnesses, who were the two men who allegedly witnessed the decedent sign the 2006 will, had testified at a deposition that they did not recall if the decedent declared the document to be his will. Allegrino would have needed to cross-examine those witnesses and convince them to change their testimony. Thus, the fact that Cohen and Dunn missed a single court appearance is not enough to show that that was the cause of the 2006 will being denied admission to probate. Because Allegrino did not show that Cohen and Dunn's failure to appear was the but for cause of his damages, he failed to state a claim for legal malpractice. *See Plentino Realty*, 628 N.Y.S.2d at 75.

Finally, Allegrino argues that the district court should have granted leave to amend his complaint for a third time. This argument is meritless. "Although [Federal Rule of Civil Procedure] 15(a) provides that leave to amend a complaint 'shall be freely given when justice so requires,' . . . it is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks and citation omitted). District courts may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks and citation omitted). Here, as the district court correctly concluded, amendment was futile. As set forth above, the retainer agreement did not obligate RMF and Farinacci to represent Allegrino in the probate proceeding. The claims against Cohen and Dunn failed because Allegrino could not plausibly allege that their failure to appear in April 2017 was the but for cause of his damages.

We have considered the remainder of Allegrino's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4