■ ROBERT CURIANO et al., Respondents, v JOSEPH SUOZZI et al., Appellants. — Order, Supreme Court, New York County (Edwards, J.), entered January 13, 1984, which, *inter alia,* denied defendants' motion to dismiss the second cause of action, is unanimously reversed, on the law, to the extent appealed from, and the motion to dismiss the second cause of action is granted without prejudice to plaintiffs to apply in Special Term, within 20 days from the date of the order herein, for leave to replead, with costs and disbursements. ¶ The second cause of action herein seeks damages for defendants' purported abuse of process (a prima facie tort) resulting from the commencement and prosecution of a prior defamation action by defendant Joseph Suozzi through his attorneys, defendant Suozzi, English & Cianciulli, P. C., against plaintiffs. It is plaintiffs' contention that the defamation action in question was not instituted for a legitimate purpose but was intended solely to punish defendants, inhibit their right of free speech and cause them the distress and expense of defending a lawsuit. Plaintiffs do not claim that defendants misused any process after the action was brought, simply that the motive for the suit was malicious. However, a malicious motive alone does not give rise to a cause of action for abuse of process. (*Dean v Kochendorfer,* 237 NY 384; *Widger v Central School Dist. No. 1,* 20 AD2d 296.) As the court declared in *Miller v Stern* (262 App Div 5, 7): "It has repeatedly been held that the mere institution of a civil action which has occasioned a party trouble, inconvenience and the expense of defending, will not support an action for abuse of process * * * Public policy requires that parties be permitted to avail themselves of the courts to settle their grievances and that they may do so without unnecessary exposure to a suit for damages in the event of an unsuccessful prosecution." (See, also, *Scully v Genesee Milk Producer's Coop.,* 78 AD2d 982.) A valid cause of action for abuse of process requires that there be "an unlawful interference with one's person or property under color of process" (*Williams v Williams,* 23 NY2d 592, 596). In the instant matter, the complaint makes no such allegation. An abuse of action claim must, moreover, be based upon "the improper use of process after it is issued." (*Dean v Kochendorfer, supra,* at p 390; *Williams v Williams, supra.*) Thus, the law is clear that lawsuits brought solely in retaliation for other lawsuits, even unsuccessful ones, do not make out a prima facie tort action merely by characterizing the opposing party's motives as "malicious".

(*Belsky v Lowenthal,* 62 AD2d 319.) This is particularly the case where, as here, the underlying action is still pending. (See *Hauser v Bartow,* 273 NY 370.) Consequently, Special Term should have granted defendants' motion to dismiss the second cause of action. Concur — Ross, J. P., Bloom, Lynch, Milonas and Kassal, JJ.