■ STROOCK & STROOCK & LAVAN, Appellant, v LINDA M. BELTRAMINI, Respondent.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered May 19, 1989, which granted defendant's motion to serve an amended answer (CPLR 3025 [b]), unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion denied, without costs.

In this action to recover legal fees, defendant sought leave

to interpose a defense asserting lack of personal jurisdiction and counterclaims for legal malpractice and abuse of process. While, as Supreme Court recognized, leave to amend a pleading is freely granted as a matter of discretion in the absence of prejudice or surprise *(Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18; *Fahey v County of Ontario,* 44 NY2d 934), leave may not be granted where the amended pleading plainly fails to state a cause of action and, thus, lacks merit *(Crimmins Contr. Co. v City of New York,* 74 NY2d 166; *Daniels v Empire-Orr, Inc.,* 151 AD2d 370).

The jurisdictional defense was previously resolved against defendant in an order entered January 11, 1989, from which no appeal was taken. Therefore, the prior ruling is law of the case and may not be relitigated *(Spertell v Hendrix,* 93 AD2d 788).

Defendant's counterclaim for abuse of process is founded entirely upon plaintiff's service of a summons and complaint, asserted to comprise a "baseless" action for legal fees and claimed to have caused defendant the expense of defending the action. As a matter of law, service of a summons and complaint, even if made with malicious intent, is insufficient to state a cause of action for abuse of process *(Curiano v Suozzi,* 102 AD2d 759, *affd* 63 NY2d 113; *Family Media v Printronic Corp.,* 140 AD2d 151). Nor does the allegation that suit was instituted to coerce a settlement constitute a sufficient basis for maintenance of the action *(Perry v Manocherian,* 675 F Supp 1417 [SD NY 1987]). Finally, abuse of process requires "the deliberate premeditated infliction of economic injury without economic or social excuse or justification" *(Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 405) and, therefore, the expense arising from the defense of a lawsuit is an insufficient injury to sustain the cause of action.

Equally without merit is defendant's counterclaim for legal malpractice. Notably absent is the requisite allegation that she would have prevailed in the underlying action *but for* her attorneys' malpractice *(Parker Chapin Flattau & Klimpl v Daelen Corp.,* 59 AD2d 375). Counsel's decision to proceed before the courts rather than in arbitration *at worst* amounts to an error in professional judgment which does not rise to the level of malpractice *(see, Rosner v Paley,* 65 NY2d 736; *Pacesetter Communications Corp. v Solin & Breindel,* 150 AD2d 232). Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.