■ BANKERS TRUST COMPANY, Respondent, v BENJAMIN CUSUMANO, Individually and as Executor of MATTIE L. CUSUMANO, Deceased, Appellant, MILLICENT L. C. HOGAN et al., Respondents, and BANKERS TRUST NEW YORK CORPORATION et al., Counterclaim Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 2, 1991, which, *inter alia,* denied defendant-appellant Benjamin Cusumano's motion for leave to amend his pleading so as to increase the *ad damnum* clause, and to assert a claim for attorneys' fees against plaintiff, pursuant to the Employee Retirement Income Security Act (ERISA; 29 USC § 1132 [g]), is unanimously affirmed, with costs.

Leave to amend may be denied where the proposed amendment is palpably insufficient as a matter of law. *(Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 28.) Appellant's proposed amendment increasing the *ad damnum* clauses of his pleadings so as to reflect accretion to decedent's account from date of death to the present is palpably without merit, since paragraph 7.7 of the plan expressly limits the distribution, upon death, to "the amount to the credit of [decedent's]

account as of the last day of the calendar month in which [decedent's] death occurs". Appellant, as a claimed plan "beneficiary", has no right to elect a stock rather than cash distribution, as would a plan "participant" upon termination under paragraph 7.10 of the plan. Nor did the court abuse its discretion in denying appellant leave to assert a claim for attorneys' fees pursuant to 29 USC § 1132 (g). There has been no demonstration of bad faith on plaintiff's part, and no purpose would be served by allowing such an award *(see, Dixon v Seafarers' Welfare Plan,* 878 F2d 1411). Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.