■ BANKERS TRUST COMPANY, Appellant, v MILLICENT L. C. HOGAN et al., Respondents, and BANKERS TRUST NEW YORK CORPORATION et al., Counterclaim Defendants-Appellants. [601 NYS2d 298] —Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about January 29, 1992, which denied plaintiff's motion, pursuant to CPLR 1006 (f), to deposit into court the sum of $107,343.66, representing the fund payable to the rightful beneficiary of Mattie Lee Cusumano, a deceased employee of plaintiff; and, pursuant to CPLR 603, to sever the second counterclaim of Benjamin Cusumano brought in his capacity as Executor of the Estate of Mattie Lee Cusumano for $2,320 in alleged unpaid vacation pay, and remanding same to the New York City Civil Court; and otherwise discharging plaintiff from all liability in this action, unanimously reversed, on the law and the facts and in the exercise of discretion, the motion is granted and plaintiff is directed to pay into court the sum of $107,343.66 plus interest from September 30, 1983 at a rate to be calculated in accordance with the last sentence of CPLR 1006 (f); defendant's second counterclaim is severed and remanded to Civil Court for separate trial; and, upon plaintiff's compliance with this order, it shall be discharged from any further liability as to any defendant as to the subject matter of this action, without costs.

Plaintiff, Bankers Trust Company, first brought this interpleader action in March 1984 to resolve a dispute as to which of the defending parties was entitled to the $107,343.66 proceeds of a savings incentive plan, administered by the plaintiff, of which Mattie Lee Cusumano, who died on September 12, 1983, was a participant. Defendant Benjamin Cusumano, decedent's husband, claims the proceeds for himself alone, while the decedent's children claim the proceeds for themselves in equal shares. Benjamin Cusumano also seeks $2,320 in vacation pay allegedly owed to Mrs. Cusumano when she died.

Contrary to the Supreme Court's finding that Bankers Trust Company was not a mere stakeholder indifferent to the underlying litigation, Bankers, in fact, has no interest in the savings incentive plan funds which it seeks to deposit into court pursuant to CPLR 1006 (f) and should, therefore, not be barred from making such deposit.

As previously held by this Court (177 AD2d 450, 450-451), the plan expressly limits the amount to be distributed upon a participant's death to " 'the amount to the credit of [decedent's] account as of the last day of the calendar month in which [decedent's] death occurs' ", in this case September 30, 1983. Thus, any recovery by defendants is limited to the $107,343.66 valuation of decedent's account as of that date. However, although plaintiff was rebuffed in its first attempt to pay the money into court in 1984, and it appears that much of the subsequent delay is attributable to defendant Benjamin Cusumano, we deem it appropriate to require plaintiff to pay interest from the valuation date in accordance with the provisions of CPLR 1006 (f).

Finally, defendant Benjamin Cusumano's claim on behalf of his wife's estate for $2,320 in vacation pay should be severed from the main action, as it relates to and is predicated upon different factual and legal issues. The court's conclusion that such claim could not be remanded to Civil Court pursuant to CPLR 325 (d) by reason of administrative fiat due to budgetary cuts was, in itself, an insufficient basis for its refusal to sever that claim. Moreover, we are advised that such administrative order is no longer in effect. Concur—Rosenberger, J. P., Kupferman, Ross and Kassal, JJ.