■ ARTHUR I. HIRSCH, Respondent, v JOEL A. ADLER, Appellant. [652 NYS2d 26] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered April 10, 1996, which granted

plaintiff's motion for summary judgment to the extent of dismissing defendant's first, second and third counterclaims, unanimously affirmed, without costs.

The IAS Court applied the proper standard in this action to recover legal fees for services rendered in connection with a matrimonial action and did not engage in issue determination in finding the counterclaims devoid of merit. The first counterclaim was properly dismissed since the parties' retainer agreement was not ambiguous and it did not provide for plaintiff's handling of all aspects of the matrimonial action including the trial. Further, defendant's claim of improper retention of trial co-counsel was properly barred since defendant paid the invoices without objection (*see, Rosenman Colin Freund Lewis & Cohen v Neuman*, 93 AD2d 745). The court properly dismissed the second counterclaim alleging improper increases in hourly rates in excess of those provided for in the retainer agreement. Finally, the claim of legal malpractice based on plaintiff's alleged failure to include a marital residency penalty clause for failure to vacate the marital residence in the settlement agreement was properly dismissed for failure to demonstrate that "but for" the attorney's alleged negligence, defendant would not have sustained actual ascertainable damages (*see, Stroock & Stroock & Lavan v Beltramini*, 157 AD2d 590). The failure of the wife and children to vacate the marital home timely was due to problems in relocating, unknown at the time the stipulation was executed, and her extended occupancy was ordered by the matrimonial court. Concur—Murphy, P. J., Rosenberger, Ellerin and Nardelli, JJ.