■ Davis & Davis, P. C., Appellant, v Gregory P. Morson et al., Respondents. [730 NYS2d 293] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered November 4, 1999, which, to the extent appealed from, granted defendant's motion for leave to amend his answer to interpose a counterclaim sounding in legal malpractice, unanimously reversed, on the law and the facts, without costs, and the motion denied.

Plaintiff attorneys Davis & Davis, P. C. commenced this action against defendants in order to collect legal fees arising out of their representation of defendants in a commercial action pending in the United States District Court, Southern District of New York. Defendant Gregory P. Morson moved to amend his answer to assert legal malpractice and fraud counterclaims deriving from plaintiff's representation of Morson in another matter which was heard in Supreme Court, Kings County, captioned *Estate of Glenn B. Opitz v Morson* (Index No. 953/96 [the Opitz action]). The complaint in that action alleged that Morson failed to pay a promissory note delivered by him to Opitz in exchange for Morson's purchase of a business. The motion court herein denied leave to interpose the fraud counterclaim, but granted leave to assert the legal malpractice claim, finding that plaintiff's failure to file an affidavit from Morson in opposition to a summary judgment motion, which was granted in Opitz's favor, "raise[d] a question of fact as to

whether counsel properly defended his client." Plaintiff appeals and we now reverse.

It is well established that leave to amend a pleading shall be freely granted absent prejudice or surprise resulting from the delay (CPLR 3025 [b]; *Crimmins Contr. Co. v City of New York*, 74 NY2d 166; *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.*, 59 NY2d 755). This Court, however, has consistently held that in order to conserve judicial resources, an examination of the proposed causes of action is warranted (*Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 116; *East Asiatic Co. v Corash*, 34 AD2d 432), and leave to amend will be denied where the proposed pleading fails to state a cause of action (*Tishman Constr. Corp. v City of New York*, 280 AD2d 374; *Stroock & Stroock & Lavan v Beltramini*, 157 AD2d 590), or is palpably insufficient as a matter of law (*Bankers Trust Co. v Cusumano*, 177 AD2d 450, *lv dismissed* 81 NY2d 1067; *Bencivenga & Co. v Phyfe*, 210 AD2d 22).

In order to state a cause of action for legal malpractice, plaintiff must demonstrate that defendant was negligent in failing to exercise that degree of care, skill and diligence commonly exercised by an ordinary member of the legal community; that but for the attorney's negligence, plaintiff would have prevailed in the underlying action; and that actual damages were sustained (*Dweck Law Firm v Mann*, 283 AD2d 292; *Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282; *Franklin v Winard*, 199 AD2d 220).

In this matter, defendant's conclusory assertions that Morson had a meritorious defense to the Opitz action, without any supporting documentary evidence, simply do not establish the merit of the proposed pleading. Moreover, the Supreme Court, Kings County, correctly granted summary judgment in favor of Opitz on the independent ground that Morson waived defenses to the Opitz action and ratified his obligations under the promissory note by soliciting and accepting an extension of time to fulfill his obligations at a time when he was, or should have been aware of, Opitz's alleged antecedent fraud. In sum, defendant has failed to establish that "but for" plaintiff's alleged negligence, he would not have sustained actual damages (*Hirsch v Adler*, 235 AD2d 241; *Stroock & Stroock & Lavan v Beltramini, supra*, at 591). Concur—Nardelli, J. P., Tom, Ellerin, Buckley and Marlow, JJ.