*354 OPINION OF THE COURT
Patrick H. NeMoyer, J.
The plaintiffs are all owners of property located in the vicinity of One Industrial Place in the Town of Gowanda, New York (Industrial Site). The plaintiffs are alleging damages to their property and health as a result of groundwater contamination running from the Industrial Site to their property.
Gowanda Electronics (Gowanda) is the current owner of the site, having purchased the property from American Locker Group (American) in 1979. Gowanda brought a counterclaim against American for contribution as a result of alleged contamination from industrial uses prior to their ownership dating back to the 1930’s.
A 1993 environmental site assessment found solvent and contamination on the site. As a result, Gowanda engaged in certain remediation efforts. Following a remedial investigation in 1998, the Department of Environmental Conservation (DEC) adopted a full remediation plan in its record of decision in 2001.
Gowanda has brought a motion to bifurcate not only the trial stages of the litigation, but also the pretrial discovery phases. It argues that bifurcation of liability and damages will streamline the case by narrowing the issues and making settlement more likely. Additionally, given the number of plaintiffs and the need to ascertain damages for each and every one of them, limiting disclosure to matters relating to liability in the liability phase of the trial may result in a quicker resolution of liability than would occur if all disclosure were conducted simultaneously. It points to CPLR 603 and rule 202.42 (a) of the Uniform Rules for Trial Courts (22 NYCRR), and the related case law to support their motion.
The plaintiffs oppose bifurcation, contending that the issues of liability and damages are so inextricably intertwined as to make bifurcation of discovery impractical, unduly duplicative and prejudicial to the plaintiffs, particularly if the case does not settle quickly in the event of a favorable verdict for the plaintiffs. The plaintiffs argue that rule 202.42 (e) establishes a presumptive right of the prevailing party to an immediate trial on damages in front of the same judge and jury. Bifurcation of discovery runs counter to this presumption, they argue, in that it would lead to such a delay between the liability and damages phases as to deny the plaintiffs the same jury and most likely also the same judge, thus unduly prejudicing the plaintiffs.
*355 CPLR 603 states:
“In furtherance of convenience and to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue. The court may order the trial of any claim or issue prior to trial of the others.”
As a complementary provision, rule 202.42 (a) states:
“Judges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action.”
Severance is subject to the sound discretion of the trial judge and should be used to facilitate the speedy and unprejudiced disposition of cases. (Cross v Cross, 112 AD2d 62 [1st Dept 1985].) Bifurcation of liability and damages is particularly appropriate in negligence cases when the nature of the injuries do not have an important bearing on liability. (See Loncz v Blagrove, 254 AD2d 735 [4th Dept 1998]; Cutsogeorge v Hertz Corp., 239 AD2d 540 [2d Dept 1997]; Armstrong v Adelman Automotive Parts Distrib. Corp., 176 AD2d 773 [2d Dept 1991]; Fetterman v Evans, 204 AD2d 888 [3d Dept 1994].) However, where complex issues are inextricably interwoven and intertwined, bifurcation is discouraged. (See Shanley v Callanan Indus., 54 NY2d 52; Klein v City of Long Beach, 154 AD2d 346 [2d Dept 1989].)
While it is anticipated that there will be some minimal overlap between liability and damages, the liability standards for the causes of action in this case are severable from the proof of specific damages to each individual plaintiff that can be addressed separately in the damages phase, both for discovery and trial purposes. For example, proof of a nuisance requires a showing of substantial invasion of one’s enjoyment of their property that is unreasonable, reckless and negligent. Similarly, proof of trespass requires a showing of wilful or intentional conduct that rises to the level of an unlawful invasion of one’s property. Proving the extent of the damages, and the discovery required for such proof, has little or no bearing on the elements of these causes of action.
This point is more clearly illustrated with the negligence and strict liability theories. Failure to exercise due care and knowledge of the effects of one’s careless conduct are entirely extricable from the ultimate damage caused by such negligence. *356 (Armstrong v Adelman Automotive Parts Distrib. Corp., 176 AD2d 773 [2d Dept 1991].) Additionally, the proof and discovery necessary to demonstrate a causal connection between the allegedly abnormally dangerous activities and the actual contamination in strict liability represent only a small fraction of the proof of the abnormally dangerous activities on property values and public health in the damages phase of trial and discovery. Thus, the nature of the damages, and the discovery necessary to prove them, are not probative of the manner in which the damages occurred or the knowledge and wilfulness of the defendants’ actions. (Armstrong v Adelman Automotive Parts Distrib. Corp., supra.) Generally, liability will focus primarily on the history of the activity on the site, the nexus to the actual contamination of groundwater in the area, the degree of knowledge and wilfulness of the defendants and the extent to which the activities were dangerous and hazardous. In contrast, discovery on damages will have to measure the exact effect of the migrant contamination on each and every property and a calculation of the effect on each plaintiffs future health. In this respect, the legal threshold for liability here, and the discovery required to prove it, fall far short of the specific proof required for damages, while still giving a general indication of potential damages on which to base more productive settlement discussions. Therefore, demonstrating liability and investigating the specific extent of damages to each plaintiff are not so inextricably intertwined as to preclude bifurcation.
Requiring such a great degree of discovery from so many plaintiffs may very well frustrate judicial economy and efficiency when limited discovery confined to liability could provide an adequate groundwork for both settlement and clarification of the complicated issues in this case. Furthermore, separating discovery on liability and damages has the likely potential of shortening significantly the litigation process. If the defendants win on liability, then the litigation ends (barring an appeal) and judicial economy has been served. If the plaintiffs prevail, then the defendants will presumably be much more likely to settle, having gotten at least a general glimpse of the potential damages from the liability proceedings.
Of course, there is the very real chance that the plaintiffs will prevail and the defendants will not settle, thus denying the plaintiffs an immediate trial in front of the same jury and perhaps the same judge and frustrating judicial economy. Given the number of plaintiffs and the complicated issues in this case, it is a chance worth taking.
*357 Additionally, the effect on property and health will be general and speculative, at best, because the DEC has only begun to implement the remediation plan in the record of decision completed in March of 2001. As a result, it may be in the best interests of both parties to proceed with liability now and address specific damages later, if necessary at all, when the effect of remediation on future public health will be better known. Narrowing the range of potential damages with more precise and less speculative estimations will likely serve judicial economy.
Finally, the plaintiffs contend that the general rule for bifurcation in rule 202.42 (a), relied upon by the defendants, is confined strictly to negligence cases and thus should not be applied to cases sounding in any other causes of action. Instead, they point to rule 202.42 (e), which they argue is a countervailing provision that sets a presumptive rule against bifurcation unless the judge finds concurrent trials on liability and damages to be impracticable.
First, bifurcation has been ordered in cases involving causes of action other than negligence. (See Duke Media Sales v Jakel Corp., 215 AD2d 237 [1st Dept 1995] [disposition of tortious interference claim has no impact on breach of contract claim, and severance is appropriate]; Norton Co. v C-TC 9th Ave. Partnership, 198 AD2d 696 [3d Dept 1993] [defendant’s counterclaim for money damages severed from mortgage foreclosure action]; Bankers Trust Co. v Hogan, 196 AD2d 469 [1st Dept 1993] [defendant’s claim for vacation pay from savings incentive plan severed due to different legal and factual issues].) For the reasons set forth above, the principles in CPLR 603 and rule 202.42 (a) are appropriately being applied to nuisance, trespass, strict liability and negligence for similar reasons of furthering judicial economy, establishing issue clarification and facilitating settlement. Second, even considering rule 202.42 (e), the court has simply exercised the discretion inherent therein because consolidated discovery and trial are impracticable, given the number of plaintiffs and the complicated nature of determining damage to property and health for each of them.
Although this ruling is a more expansive application of bifurcation than used in the past in that both discovery and trial are severed, in this court’s opinion it is warranted in this case in furtherance of judicial convenience and efficiency. *358 Therefore, the motion to bifurcate the liability and damages phases of the litigation for both discovery and trial is granted.