■ COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant, v LAURE JONES, Respondent. [761 NYS2d 191] —Order, Supreme Court, New York County (Joan Madden, J.), entered December 28, 2001, which, insofar as appealed from, granted defendant's motion to amend her answer to assert as a fourth affirmative defense that plaintiff's prosecution of this action violates defendant's constitutional rights, unanimously reversed, on the law, and the motion denied, without costs. Order, same court (Faviola Soto, J.), entered April 24, 2002, which, insofar as appealed from, granted in part defendant's motion to compel plaintiff to comply with a discovery notice dated January 23, 2002, unanimously reversed, on the law, without costs, the motion denied, and the notice stricken.

Plaintiff, through the Medicaid program, paid the costs of the nursing home care rendered to defendant's husband. In this action, plaintiff seeks to recover the costs of such care from defendant, whose assets are alleged to substantially exceed the minimum level a noninstitutionalized spouse may retain without contributing from such assets to the costs of his or her institutionalized spouse's care (*see* Social Services Law § 366-c). More than five years after she served her original answer, defendant moved to amend her answer to assert an additional affirmative defense to the effect that plaintiff "has engaged in litigation against the defendant in a selective manner that gives rise to a violation of the due process and equal protection rights guaranteed to the defendant by the United States Constitution." Defendant's motion papers did not include any evidence or information that would provide factual support to her conclusory allegation that plaintiff's prosecution of this action is tainted by constitutionally impermissible discrimination. In the absence of a showing of even the slightest good faith basis for belief in the merit of the proposed additional affirmative defense, the motion to amend the answer should have been denied (*see Davis & Davis v Morson*, 286 AD2d 584, 585 [2001]).

Since the material sought by the discovery notice enforced by the second order under review, entered April 24, 2002, was relevant only to the affirmative defense added by the amended answer, our reversal of the prior order granting leave to amend the answer renders such material irrelevant to this action. Accordingly, we reverse the April 2002 order as well. Concur—Nardelli, J.P., Mazzarelli, Wallach,* Friedman and Marlow, JJ.