■ COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant, v ESTATE OF ANITA WARRINGTON, Deceased, Respondent. [764 NYS2d 180] —Order, Supreme Court, New York County (Joan Madden, J.), entered December 6, 2001, which, insofar as appealed from as limited by the briefs, restored the inadvertently marked-off case to the calendar and directed the parties to appear for a conference in order to arrange appropriate disclosure consistent with the court's holding that defendant, now deceased, was entitled to discovery regarding her third affirmative defense that she has been discriminated against by reason of the selective enforcement of the Social Services Law to recover Medicaid payments made to a nursing home on behalf of her deceased husband, unanimously modified, on the law, to the extent of denying any discovery with regard to defendant's third affirmative defense and directing plaintiff to only answer interrogatory 1, dated May 24, 2000, and otherwise affirmed, without costs. Order, same court and Justice, entered March 25, 2002, which, inter alia, ordered plaintiff to identify and produce a witness to be deposed by defendant on the issue of recoupments sought from spouses of institutionalized Medicaid recipients, unanimously modified, on the law, to vacate that part of the order, and otherwise affirmed, without costs.

In granting defendant discovery regarding her third affirma-

tive defense of selective enforcement or unequal protection, the motion court rejected plaintiff's argument that selective enforcement is not an accepted affirmative defense, noting plaintiff's failure to move to strike such defense and holding that selective enforcement, if proven, is a valid defense. However, in order to succeed on a claim of unequal protection, "there must be not only a showing that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification" (*Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693 [1979] [citations omitted]). Thus, inasmuch as defendant fails to present "any evidence * * * that plaintiff's prosecution of this action is tainted by constitutionally impermissible discrimination," her motion to compel discovery on such claim should have been denied (*Commissioner of Dept. of Social Servs. v Jones*, 306 AD2d 161, 162 [2003]). Concur—Buckley, P.J., Andrias, Sullivan, Lerner and Friedman, JJ.