■ FINOVA CAPITAL CORPORATION, Respondent, v C. JAYE BERGER, Appellant. (And a Third-Party Action.) [794 NYS2d 379]—

Order, Supreme Court, New York County (Louis B. York, J.), entered September 8, 2003, denying defendant's motion to

dismiss the complaint for failure to state a cause of action and for summary judgment, unanimously reversed, on the law, without costs, summary judgment granted and the complaint dismissed. Appeal from order, same court and Justice, entered June 29, 2004, denying defendant's motion to vacate the note of issue, unanimously dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff claims that defendant attorney issued an opinion letter negligently misrepresenting potential security interests in the assets of her client, a wholesale produce distributor, in order to induce plaintiff to provide the client with a line of credit. Specifically, the opinion letter is alleged to have omitted or misrepresented the existence or impending existence of claims pursuant to the Perishable Agricultural Commodities Act (PACA) (7 USC § 499a *et seq.*), which establishes a statutory trust for the benefit of unpaid sellers and suppliers of certain perishable agricultural goods and a security interest in a defaulting buyer's assets. Such a security interest would be superior to that granted a secured creditor, and would take effect when the buyer receives the goods and an unpaid seller files a written notice to the buyer within 30 days of the buyer's default. Shortly after the opinion letter was issued and the loan transaction closed, defendant's client defaulted on the loan and went out of business, and its creditors commenced an action under PACA, in which plaintiff intervened.

In order to establish its claim, plaintiff must show that defendant was aware that the opinion was to be used for a particular purpose, that it was relied upon in furtherance of that purpose, that defendant was aware of the reliance, that the opinion contained a misrepresentation, and that plaintiff suffered damages as a result of its reliance upon the misrepresentation (*Tajan v Pavia & Harcourt*, 257 AD2d 299, 304 [1999], *lv denied* 94 NY2d 837 [1999]).

We find that the circumstances here were sufficient to establish privity and a consequent duty of care between defendant and plaintiff, a third party, as a matter of law (*see Eiseman v State of New York*, 70 NY2d 175, 189 [1987]). Plaintiff requested the opinion letter which, inter alia, defendant was hired to draft after the deal had been negotiated and finalized. Defendant knew that plaintiff, who provided defendant with a format for the letter, would rely on her opinion in making the decision as to the line of credit, and addressed and sent the letter to plaintiff, stating that it was exclusively for plaintiff's benefit and reliance (*see Prudential Ins. Co. of Am. v Dewey, Ballantine,*

*Bushby, Palmer & Wood*, 80 NY2d 377 [1992]; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]).

However, plaintiff failed to adequately plead the causation element of its claim. The opinion letter makes positive representations regarding the client's financial circumstances, pending or threatened legal problems, and ability to execute and perform the security agreements and other financial documents contemplated in this transaction, but never mentions PACA or PACA claims, and is at best ambiguous as to whether such claims would be covered. Plaintiff does not offer proof that it relied on defendant's alleged negligently rendered opinion to indicate the absence of existing or imminent PACA claims and that such reliance was the proximate cause of its damages. "The failure to establish proximate cause requires dismissal of the legal malpractice action, regardless of whether it is demonstrated that the attorney was negligent" (*Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 198 [2003]; *see also D.D. Hamilton Textiles v Estate of Mate*, 269 AD2d 214, 215 [2000]).

In light of the foregoing, the appeal of the order denying vacatur of the note of issue is academic. Concur—Ellerin, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.