■ JACQUELINE GORDON et al., Appellants-Respondents, v BENEK OSTER et al., Respondents-Appellants. [829 NYS2d 49]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered May 2, 2006, which, to the extent appealed from as limited by the briefs, granted in part and denied in part plaintiffs' motion to amend the complaint, and to disqualify defendants' attorneys, unanimously modified, on the law and the facts, to permit plaintiffs to amend the complaint to assert causes of action to recover on theories of fraudulent inducement and unjust enrichment, and otherwise affirmed, without costs.

The court properly permitted plaintiffs' claim for fraud, since plaintiffs sufficiently alleged that they reasonably relied upon a misrepresentation knowingly and intentionally made to them, and suffered resultant damages (*see Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 213 [1991]). Leave to amend the complaint to assert claims of usury and breach of fiduciary duty was, however, properly denied, since those claims were palpably without merit (*see Bankers Trust Co. v Cusumano*, 177 AD2d 450 [1991], *lv dismissed* 81 NY2d 1067 [1993]). Inasmuch as plaintiffs' allegations present a bona fide question as to whether the parties' agreement was valid and enforceable, or was instead procured by fraud, the unjust enrichment claim should have been permitted (*see Taylor & Jennings v Bellino Bros. Constr. Co.*, 106 AD2d 779, 780-781 [1984]; *cf. Paragon Leasing, Inc. v Mezei*, 8 AD3d 54 [2004]), and we modify to grant leave to assert such a claim, as well as a claim for fraudulent inducement, as to which the motion court made no specific finding (*see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273 [2005]).

We have considered the parties' remaining arguments for affirmative relief, including plaintiffs' contention that defendants' counsel should be disqualified under the advocate-witness rule, and find them unavailing. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Malone, JJ.