McCooe, J. (dissenting).
I respectfully dissent. This is an illegal sublet proceeding where the respondent Fermín moves to dismiss the petition on the grounds of documentary evidence and failure to state a cause of action (CPLR 3211 [a] [1], [7]). The petitioner landlord cross-moves to amend the petition (CPLR 3025 [b]).
The respondent Fermín relies upon an executed rent-stabilized lease naming him as a cotenant with Santos as documentary evidence warranting dismissal. The landlord seeks to amend the petition naming Santos as the sole tenant and Fermín as an undertenant alleging that he is an illegal occupant. Fermín is listed as a cotenant in the caption and paragraph 2 of the petition. The landlord claims that Fermín fraudulently altered the lease by adding his name and signing it as cotenant, relying upon an affidavit by a managing agent of the previous landlord that Fermín was not a tenant of record.
The following facts are undisputed. There is only one lease, the previous landlord signed it after Fermín, it names Fermín as a cotenant with Santos, there is no affidavit from the previous landlord disputing the validity of the lease and the managing agent’s affidavit does not offer any facts as to the circumstances surrounding the signing of the lease. This establishes a prima facie case for the respondent Fermín. The landlord must show a legal basis to reform the lease.
Leave to amend a pleading should be freely granted (CPLR 3025 [b]) but denied where the proposed amendment lacks merit (Davis & Davis v Morson, 286 AD2d 584, 585 [1st Dept 2001]; Sharon Ava & Co. v Olympic Tower Assoc., 259 AD2d 315, 316 [1st Dept 1999]). “[A] motion for leave to amend a pleading ‘must be supported by an affidavit of merits and evidentiary proof that could be considered upon a motion for summary judgment’ ” (Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 116 [1st Dept 1998] [citations omitted]).
The previous landlord signed the lease after Fermín and accepted rent from him. There is no affidavit from the previous landlord disputing the validity of the lease. Therefore the previ *8 ous landlord is deemed to have ratified the lease and the petitioner landlord is bound by its terms (Gillman v Chase Manhattan Bank, 73 NY2d 1, 11 [1988]; George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219 [1978]). There is no evidence or offer of proof to show that the previous landlord did not know what he was signing. Characterizing the lease as altered by Fermín is speculative.
The landlord seeks to contradict the terms of a valid unambiguous contract in violation of the parol evidence rule and the statute of frauds (Chimart Assoc. v Paul, 66 NY2d 570 [1986]). The lease is valid documentary evidence warranting dismissal of the petition (150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5 [1st Dept 2004]). Furthermore the petition fails to state a cause of action because Santos is named as a cotenant under a valid lease. Additionally he was not served with the predicate notices.
The order dated May 19, 2006 should be reversed, the petition dismissed and the cross motion to amend denied.
McKeon, EJ., and Heitler, J., concur; McCooe, J., dissents in a separate opinion.