■ Michael Sparber, Plaintiff, and Arlyne Roer, as Personal Representative of the Estate of Natalie Sparber, Deceased, Appellant, v Manufacturer's Life Insurance Company (U.S.A.) et al., Respondents. [855 NYS2d 89]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered February 7, 2007, which granted defendants' motions to dismiss the amended complaint, unanimously affirmed, with costs.

Plaintiff alleges that defendants insurance company, insurance brokerage company and insurance broker misrepresented to her decedent that the premiums on the subject insurance policy on the decedent's life, purchased in December 1989 and naming plaintiff and her sister as owner, would remain fixed throughout the decedent's life, and that the falsity of this representation first became known to the decedent as a result of a November 2002 notice of an increase in the premium, some 10 months before the decedent's commencement of the action in September 2003. Defendants argue that the action is barred by a 1998 class action judgment entered in a California federal district court action. Plaintiff responds that the class action involved only vanishing premium policies, i.e., policies with a fixed number of premium payments or fixed amount of premium, not policies like the one at issue here with lifetime fixed premiums, and that the action, therefore, is not barred under California's applicable "primary right" approach to res judicata (*see Mycogen Corp. v Monsanto Co.*, 28 Cal 4th 888, 904, 51 P3d 297, 306-307 [2002]; *Citizens for Open Access to Sand & Tide, Inc. v Seadrift Assn.*, 60 Cal App 4th 1053, 1065, 1067, 71 Cal Rptr 2d 77, 84-86 [1st Dist 1998]). The argument lacks merit, regardless of whether the applicable law of res judicata is that of California, the federal courts (*see Federated Department Stores, Inc. v Moitie*, 452 US 394, 398 [1981]) or New York (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). The class action complaint sought redress for, inter alia, representations "that the Policies would provide . . . benefits . . . based on premium payments of a specified amount for the life of the insured." That allegation could only apply to policies, like plaintiff's, with premiums to be paid for the insured's life. In any event, as the motion court alternatively ruled, plaintiff's claims are time-barred. In the latter regard we would comment only that plaintiff's argument that the policy set forth only three conditions under which premiums could be raised is based on policy terms concerning the "Minimum Premium schedule" applicable only to the first three years of the policy. Other parts of the policy gave clear notice that it had a "Flexible Premium" that could, inter alia, increase with the age of the insured. As the action clearly lacks merit, plaintiff's request for leave to replead was properly denied (*see Davis & Davis v Morson*, 286

AD2d 584, 585 [2001]). We have considered plaintiff's other arguments and find them unavailing. Concur—Lippman, P.J., Friedman, Catterson and Moskowitz, JJ.