■ HARRIET WEKSLER, Appellant, v KANE KESSLER, P.C., et al., Respondents. [881 NYS2d 79]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 20, 2008, which, to the extent appealed from as limited by the briefs, granted the motion by the law firm (defendants Kane Kessler and Hollander) and the Weksler brothers (defendants Bruce and Joseph), dismissing the first, second, third, sixth and seventh causes of action in the amended complaint, unanimously affirmed, without costs.

Plaintiff alleges fraud and fraudulent inducement against all defendants, breach of contract against the Weksler brothers, and legal malpractice, tortious interference and negligent misrepresentation against the firm. Plaintiff was married to Jack Weksler from 2004 until his demise in 2007. She claimed it was the decedent's intention to provide for her by establishing an annuity whereby Joseph and Bruce, his sons from a previous marriage, would pay plaintiff $4,000 per month after his death as long as neither he nor plaintiff had commenced divorce proceedings against the other. The law firm, at the decedent's behest, prepared an agreement memorializing his wishes. Plaintiff and the decedent were allegedly happy with and relied on the agreement, which would guarantee her future financial security. The decedent became seriously ill in January 2007. Four months later, after his discharge from the hospital, he retained the law firm to commence a divorce proceeding. The complaint was filed in New Jersey Superior Court in June 2007, and he died the following month.

Plaintiff alleges that defendants made material misrepresentations upon which she relied, which reasonably led her to believe that the agreement would be binding and valid and pay her $4,000 per month after Jack's death. Accepting the facts alleged in the complaint as true, and according plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), she fails to allege sufficiently the elements of fraud and fraudulent inducement and plead with the necessary specificity the alleged misrepresentations made by defendants (CPLR 3016 [b]; *Modell's N.Y. v Noodle Kidoodle*, 242 AD2d 248, 250 [1997]; *see also New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]).

Furthermore, plaintiff fails to state a cause of action for breach of contract against the Weksler brothers. Even assuming the agreement was enforceable, it still memorialized the intent of the parties to extinguish any payment to plaintiff upon the filing of divorce papers.

As to the claim for legal malpractice, there was never an

attorney-client relationship between plaintiff and the firm. Even assuming plaintiff had been the firm's client, she failed to show how such alleged malpractice caused her injury, as the agreement simply effectuated the intent of the parties, i.e., to provide plaintiff with an annuity during her lifetime subject to the stated terms and conditions (*see Finova Capital Corp. v Berger*, 18 AD3d 256 [2005]; *cf. Mandel, Resnik & Kaiser, P.C. v E.I. Elecs., Inc.*, 41 AD3d 386 [2007]).

Plaintiff's remaining causes of action against the firm, for negligent misrepresentation and tortious interference, are dismissed as redundant of the legal malpractice claim (*see Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193 [2003]; *Reyes v Leuzzi*, 10 Misc 3d 1064[A], 2005 NY Slip Op 52112[U], *4 [2005]; *cf. William Kaufman Org. v Graham & James*, 269 AD2d 171 [2000]). Finally, although such affirmative relief was not sought, the court did not err in denying plaintiff an opportunity to amend her complaint for a second time, as the proposed speculative allegations failed to establish any viable cause of action (*see Davis & Davis v Morson*, 286 AD2d 584 [2001]). Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ.