PETER R. FRIEDMAN, LTD., Appellant-Respondent, v TISHMAN SPEYER HUDSON LIMITED PARTNERSHIP et al., Respondents-Appellants. [968 NYS2d 41]—

Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 22, 2012, which, insofar as ap-

pealed from and as limited by the briefs, granted defendants' motion for summary judgment to the extent of dismissing the second cause of action for breach of the implied covenant of good faith and fair dealing, and denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, with costs.

This is an action to recover a commission on a lease renewal pursuant to the original brokerage agreement entered into by the parties, which provided that plaintiff would not be entitled to additional compensation with respect to any lease renewals or extensions unless, inter alia, the tenant renewed the lease "pursuant to, or generally consonant with, the provisions of Article 42 of the Lease." The motion court properly dismissed plaintiff's claim for breach of the implied covenant of fair dealing. Defendants were not required to preserve plaintiff's entitlement to a renewal commission, which right was expressly limited by the brokerage agreement, and "the covenant of good faith and fair dealing . . . cannot be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights" (*Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268, 268 [1st Dept 2003] [citations omitted]).

Further, plaintiff failed to show that defendants acted "in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (*Jaffe v Paramount Communications*, 222 AD2d 17, 22-23 [1st Dept 1996]). Unlike in *Rachmani Corp. v 9 E. 96th St. Apt. Corp.* (211 AD2d 262, 270 [1st Dept 1995]), defendants here did not "implicitly promise[ ] to use [their] good-faith best efforts to bring about" a generally consonant renewal lease. To the contrary, the renewal provision clearly anticipated that renewal may be had on terms that are not "generally consonant."

The court did not improvidently exercise its discretion in denying plaintiff's motion for leave to amend the complaint. Plaintiff failed to make a showing that the proposed claim for tortious interference with contract against the tenant and its real estate broker was colorable (*see Weksler v Kane Kessler, P.C.*, 63 AD3d 529 [1st Dept 2009]; *Davis & Davis v Morson*, 286 AD2d 584 [1st Dept 2001]). The tenant and its broker did not become aware of the brokerage agreement until after the essential terms of the renewal lease were negotiated and agreed upon. Moreover, the tenant and its broker were justified in acting in furtherance of their own economic self-interest (*see Waterfront NY Realty Corp. v Weber*, 281 AD2d 180 [1st Dept 2001]; *Aegis Prop. Servs. Corp. v Hotel Empire Corp.*, 106 AD2d 66

[1st Dept 1985]). Additionally, plaintiff failed to establish any basis for its claim that it is entitled to attorney's fees (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels, Gische and Clark, JJ.