**Zunzurovski v Fisher**

2025 NY Slip Op 31190(U)

April 9, 2025

Supreme Court, New York County

Docket Number: Index No. 153842/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**

*Justice*

------------------------------------------------------------------X

ALEKSANDAR ZUNZUROVSKI,

                                   Plaintiff,

- v -

LIANE FISHER, ESW., MICHAEL J TAUBENFELD, ESQ.,
FISHER TAUBENFELD, LLP, JOHN AND JANE DOE 1-10,
ABC CORP. 1-10

                                   Defendant.

------------------------------------------------------------------X

| PART | 33M |
|---|---|

| INDEX NO. | 153842/2024 |
|---|---|
| MOTION DATE | 09/06/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for                              DISMISS                              .

Upon the foregoing documents, and after oral argument, which took place on January 21, 2025, where Tyrone Blackburn, Esq. appeared for Plaintiff Aleksandar Zunzurovski ("Plaintiff") and Lisa L. Shrewsberry, Esq. appeared for Defendants Liane Fisher, Esq. ("Fisher"), Michael J. Taubenfeld ("Taubenfeld"), and Fisher Taubenfeld, LLP ("Law Firm") (collectively "Defendants"), Defendants motion to dismiss Plaintiff's Amended Complaint pursuant to CPLR 3211(a)(1) and (a)(7) is granted. Plaintiff's cross motion seeking leave to amend is denied.

## I.    Background

In 2016, Defendants represented Plaintiff in a wage and hour dispute (the "Prior Lawsuit") against Plaintiff's former employer, Jacaranda Club, LLC d/b/a Sapphire New York ("Sapphire"). The Prior Lawsuit was arbitrated before Martin Scheinman. Arbitrator Scheinman also presided over lawsuits from former Sapphire employees Maria Vasquez ("Vasquez") and Natalia Titova ("Titova") ("Dancer Plaintiffs") who sued Sapphire on a theory of vicarious liability and accused

153842/2024   ZUNZUROVSKI, ALEKSANDAR vs. FISHER, LIANE ET AL
Motion No. 001

Page 1 of 6

[* 1]

Plaintiff and eight others of assault and harassment. The Dancer Plaintiffs were awarded $1,375,000.00 collectively. Sapphire counterclaimed alleging breaches of fiduciary duties against Plaintiff based on his alleged assault, harassment, and extortion of the Dancer Plaintiffs and other Sapphire employees. Ultimately, Arbitrator Scheinman awarded Plaintiff $2,118,483.64 for his wage and hour claim but deducted from that award $1,375,000.00 for the breach of fiduciary duty counterclaim asserted by Sapphire.

Plaintiff now sues his former attorneys, the Defendants, for malpractice because they did not assert a contribution claim against other individuals who allegedly assaulted and harassed the Dancer Plaintiffs. He also alleges Defendants were engaged in an "unethical relationship" with the attorney for the Dancer Plaintiffs. The original Complaint was previously filed in Federal Court and was dismissed because the Court lacked diversity jurisdiction. In a fifteen-page decision, United State District Judge Denise Cote referred Plaintiff's attorney for disciplining based on false and salacious allegations asserted against Defendants (NYSCEF Doc. 10). Plaintiff has now filed an Amended Complaint containing many of the same allegations, and Defendants respond with the instant pre-answer motion to dismiss. Plaintiff seeks leave to file a Second Amended Complaint.

## II. Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept

**153842/2024 ZUNZUROVSKI, ALEKSANDAR vs. FISHER, LIANE ET AL**
**Motion No. 001**

**Page 2 of 6**

[* 2]                                            2 of 6

2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

A motion to dismiss based on documentary evidence pursuant to CPLR § 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]). A court may not dismiss a complaint based on documentary evidence unless the factual allegations are definitively contradicted by the evidence (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

### B. Malpractice Claim

Defendants' motion to dismiss Plaintiff's cause of action alleging malpractice is granted. The scope of representation agreed to by the parties could not be clearer and precludes Defendants' allegations of malpractice based on failure to bring contribution claims against Sapphire employees based on their alleged sexual harassment of the Dancer Plaintiffs. Specifically, the parties agreed that Defendants would represent Plaintiff:

> "[R]egarding your wage and hour and retaliation claims against your Employer ("covered claims"). The fees outlined above in Section I do not include representing you for any (1) appeal to an appellate court or proceedings to enforce a disposition; (2) Worker's Compensation proceeding; (3) Unemployment Insurance proceeding; (4) criminal proceeding; (5) bankruptcy proceeding; (6) claim under the Employee Retirement Income Security Act (ERISA) regarding any pension or health plan; (7) separate legal action involving allegations of sexual harassment against you; or (8) proceeding against your employer not directly related to the covered claims listed

[* 3]

in this paragraph ("Excluded Claims"). Should any Excluded Claims become necessary and the Firm agrees to represent you, an additional fee or arrangement will be negotiated by the parties." (NYSCEF Doc. 7).

The Court of Appeals has held a claim for malpractice premised on an alleged failure to take an action outside the scope of a retainer agreement warrants dismissal (*AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428 [2007]). Plaintiff acknowledged and agreed that Defendants would not represent him with respect to contribution claims against others for allegations of sexual harassment against him. Therefore, the allegation of malpractice for failure to bring a contribution claim against other Sapphire employees were expressly outside the scope of the retainer agreement (*Keld v Giddins Claman, LLP*, 170 AD3d 589 [1st Dept 2019]). This documentary evidence requires dismissal of the alleged malpractice claim.

Plaintiff's theory of malpractice is also flawed pursuant to the doctrine of *in pari delicto*, which bars a party that has been damaged because of its own intentional wrongdoing from recovering for those damages from another party whose conduct equally or to a lesser degree contributed to the loss (*Kirschner v KPMG LLP*, 15 NY3d 446 [2010]). Arbitrator Scheinman found Plaintiff "sexually harassed and assaulted entertainers at [Sapphire] and demanded payments from them by threatening violence and economic reprisals." (NYSCEF Doc. 9 at 55-56). Plaintiff allegedly pressured entertainers to perform oral sex on him to be given work and his conduct was "of the most egregious nature." Arbitrator Scheinman also explicitly found "seventy-five (75%) of the monies paid by [Sapphire] to Titova and Vasquez, and attorneys' fees expended, therein, are attributable to the harassment claims involving Plaintiff." The deduction from Plaintiff's award based on Sapphire's counterclaim seeking to recoup the settlement monies and attorneys' fees expended in defending Vasquez and Titova's lawsuits is a result solely of his own intentional acts

**153842/2024  ZUNZUROVSKI, ALEKSANDAR vs. FISHER, LIANE ET AL**
**Motion No. 001**

**Page 4 of 6**

4 of 6

[* 4]

and wrongdoing and were apportioned to Plaintiff individually. The allegations of malpractice for failure to bring a contribution claim against other Sapphire employees is therefore without merit.

Any remaining allegations of malpractice regarding alleged disloyalty or based on Defendants' alleged dealings with Vasquez and Titova's attorney are dismissed pursuant to Judge Cote's decision (NYSCEF Doc. 10). After conferences and briefing, Judge Cotes found the Complaint was filed

> "to garner media attention, embarrass defendants with salacious allegations, and pressure defendants to settle quickly. Indeed, his submissions to this Court have been rife with disturbing allegations against defendants...Significant resources have been spent by judges of the Court and defendants...to address glaring deficiencies in his filings. A referral to this Court's Grievance Committee is warranted."

Based on these findings, the Court dismisses the remainder of Plaintiff's malpractice claim alleging that Defendants had an inappropriate relationship with Vasquez and Titova's attorney.

### C. Breach of Contract

In his opposition papers, Plaintiff stated he is withdrawing his breach of contract claim (NYSCEF Doc. 24 at ¶ 20). Therefore, the breach of contract claim is dismissed.

### D. Cross-Motion Seeking Leave to Amend

Plaintiff's cross motion seeking leave to amend is denied. Plaintiff has failed to comply with CPLR 3025(b) because the proposed amended pleading is not redlined highlighting the proposed changes. The rule is mandatory that the accompanied proposed pleading shall "clearly [show] the changes or additions to be made to the pleading." Plaintiff has not done so here.

Moreover, Plaintiff's proposed amendments are palpably insufficient and devoid of merit (*see, e.g. Daniel R. Wotman & Associates, PLLC v Chang*, 148 AD3d 571, 571 [1st Dept 2017]; *Davis & Davis, P.C. v Morson*, 286 AD2d 584 [1st Dept 2001]). The allegation that Plaintiff was forced to sign a settlement agreement without consideration is meritless – Plaintiff received as

**153842/2024 ZUNZUROVSKI, ALEKSANDAR vs. FISHER, LIANE ET AL**
**Motion No. 001**

**Page 5 of 6**

[* 5]

settlement the value of the arbitration award without the additional time and expense of having to conduct further proceedings to obtain a judgment pursuant to the arbitration award pursuant to CPLR 7510, and then having to collect on the judgment (*see, e.g. Weiner v McGraw-Hill*, 57 NY2d 458, 464 [1982] [courts have not hesitated to find sufficient consideration in what is the proverbial peppercorn]). The Court has considered the remainder of Plaintiff's arguments and finds them to be unavailing.

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss Plaintiff's Amended Complaint is granted, and Plaintiff's Amended Complaint is hereby dismissed; and it is further

ORDERED that Plaintiff's cross motion seeking leave to plead a Second Amended Complaint is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/9/2025 | *Mary V Rosado JSC* |
|---|---|
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153842/2024   ZUNZUROVSKI, ALEKSANDAR vs. FISHER, LIANE ET AL**
**Motion No.  001**

Page 6 of 6

6 of 6