■ SUN GRAPHICS CORP. et al., Appellants, v LEVY, DAVIS & MAHER, LLP, et al., Respondents. [943 NYS2d 464]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 5, 2011, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs failed to establish that the three-year statute of limitations on their cause of action alleging legal malpractice was tolled pursuant to the continuous representation doctrine (CPLR 214 [6]; *see CLP Leasing Co., LP v Nessen*, 12 AD3d 226 [2004]). They alleged generally that defendants continued to represent them during the three years preceding the commencement of the action, but failed to allege that that representation pertained to the specific matters at issue (*see Apple Bank for Sav. v PricewaterhouseCoopers LLP*, 70 AD3d 438 [2010]; *Serino v Lipper*, 47 AD3d 70, 76 [2007], *lv dismissed* 10 NY3d 930 [2008]).

The causes of action for breach of contract, breach of fiduciary duty, and negligent misrepresentation are redundant of the legal malpractice claim, since they arise from the same allegations and seek identical relief (*see Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 290 AD2d 399, 400 [2002]; *see also Weksler v Kane Kessler, P.C.*, 63 AD3d 529, 531 [2009]).

The cause of action alleging a violation of Judiciary Law § 487 fails to state a cause of action, since plaintiffs do not allege that defendants engaged in any deceptive conduct during a pending proceeding in which plaintiffs were parties (*see Stanski v Ezersky*, 228 AD2d 311, 313 [1996], *lv denied* 89 NY2d 805 [1996]).

We have reviewed plaintiffs' remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ.