I.M.P. Plumbing & Heating Corp. v Munzer & Saunders, LLP (2021 NY Slip Op 06544)





I.M.P. Plumbing & Heating Corp. v Munzer & Saunders, LLP


2021 NY Slip Op 06544


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 158417/17 Appeal No. 14688 Case No. 2020-03449 

[*1]I.M.P. Plumbing & Heating Corp., et al., Plaintiffs-Appellants,
v
Munzer & Saunders, LLP, et al., Defendants-Respondents, Marc Bernstein, Defendant.


Port & Sava, Lynbrook (George S. Sava of counsel), for appellants.
Munzer & Saunders, LLP, New York (Craig Saunders of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered July 31, 2020, which, to the extent appealed from, treated defendants Munzer & Saunders and Craig Saunders's motion to dismiss the complaint as against them as a motion for summary judgment dismissing the complaint (CPLR 3211[c]) and granted the motion as to the legal malpractice, breach of contract, negligent misrepresentation, fraud, and breach of fiduciary duty claims, and denied plaintiffs' cross motion for summary judgment, unanimously modified, on the law, to deny defendants' motion as to the legal malpractice claim insofar as it is predicated on any legal fees plaintiffs paid (1) to oppose the contempt motion and to seek vacatur of their default in a proceeding titled Matter of A.M. Concrete, Inc. v. I.M.P. Plumbing & Heating Corp. (Suffolk County index No. 62124/14) (the A.M. Concrete Proceeding), and (2) to oppose the motion for a default judgment, seek vacatur of the default judgment, and appeal from the order granting the motion for a default judgment in an action titled A.M. Concrete, Inc. v I.M.P. Plumbing & Heating Corp. (Suffolk County index No. 62017/14) (the A.M. Concrete Action), and as to the breach of contract claim insofar as it is predicated on defendants' alleged retention of $200,000 held in escrow for the purchase of real property in violation of an agreement to return the money if the purchase did not go through, and otherwise affirmed, without costs.
Defendants' failure to interpose answers on behalf of plaintiffs in the A.M. Concrete Action and the A.M. Concrete Proceeding or to seek an extension of time to answer constitutes a breach of the standard of professional care (Shapiro v Butler, 273 AD2d 657, 658 [3d Dept 2000]). Plaintiffs may seek to recover from defendants any legal fees they paid to oppose the resulting contempt motion and to seek vacatur of the default judgment in the A.M. Concrete Proceeding, and to oppose the motion for a default judgment, seek vacatur of the default judgment, and appeal from the order granting a default judgment in the A.M. Concrete Action. In this connection we note that, "[d]amages in a legal malpractice case are designed to make the injured client whole" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 443 [2007] [internal quotation marks omitted]). Therefore, a legal malpractice "plaintiff's damages may include litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct" (id.[internal quotation marks omitted]). Issues of fact exist as to the amounts, if any, that plaintiffs paid for the above noted services.
With respect to defendants' representation of plaintiffs in two other actions, titled Impagliazzo v Heena Hotel, LLC (NY County index No. 155403/14) and Impagliazzo v Shivbhakti LLC (NY County index No. 652437/14), the only negligence that plaintiffs claim on appeal is defendants' failure to oppose the motion to dismiss [*2]in the Heena action. However, any negligence on defendants' part in failing to oppose that motion was not a proximate cause of damages to plaintiffs since the Heena complaint failed to state a cause of action and was refuted by documentary evidence, and plaintiffs do not contend that this was a "remediable defect" (see Dempster v Liotti, 86 AD3d 169, 179-180 [2d Dept 2011]).
Insofar as the breach of contract cause of action is based on alleged overbilling, described as billing for legal services that defendants allegedly performed negligently, it is duplicative of the legal malpractice cause of action (see Courtney v McDonald, 176 AD3d 645, 645-646 [1st Dept 2019]). However, a cause of action for breach of contract is stated by the allegations that defendants retained $200,000 held in escrow for the purchase of real property in violation of an agreement to return the money if the purchase did not go through (see Postiglione v Castro, 119 AD3d 920, 922 [2d Dept 2014]). Contrary to defendants' contention that the complaint does not allege a breach of contract based on their alleged retention of the $200,000 held in escrow, the breach of contract cause of action incorporates all the previous factual allegations in the complaint. The breach of fiduciary duty cause of action based on defendants' retention of the funds held in escrow must be dismissed as duplicative of the breach of contract cause of action (see William Kaufman Org. v Graham & James, 269 AD2d 171, 173 [1st Dept 2000]).
The allegation that defendants never intended, as agreed, to return the money held in escrow if the purchase did not go through is insufficient to state a cause of action for fraud (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 64-65 [1st Dept 2017]). The allegation that defendants represented that they would return the $200,000 down payment if the purchase did not go through is insufficiently detailed to state a cause of action for fraud (see CPLR 3016[b]; Riverbay Corp. v Thyssenkrupp N. El. Corp., 116 AD3d 487, 488 [1st Dept 2014]). Insofar as the fraud cause of action is based on defendants' alleged use of a disbarred attorney to provide legal services to plaintiffs, the complaint fails to allege any injury — much less any injury separate and distinct from the alleged malpractice — flowing from the provision of such services (see Rupolo v Fish, 87 AD3d 684, 685-686 [2d Dept 2011]).
The negligent misrepresentation cause of action, which alleges that defendants negligently provided inaccurate information and made false representations about the facts and status of the litigations, is duplicative of the legal malpractice cause of action (see Sun Graphics Corp. v Levy, Davis & Maher, LLP, 94 AD3d 669 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021