**Golden Ins. Co. v Vogrin & Frimet, LLP**

2025 NY Slip Op 31103(U)

April 4, 2025

Supreme Court, New York County

Docket Number: Index No. 162162/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. MARY V. ROSADO** | PART | **33M** |
| | *Justice* | | |

-------------------------------------------------------------------------X

| | |
|---|---|
| GOLDEN INSURANCE COMPANY, A RISK RETENTION GROUP, | INDEX NO.    162162/2023 |
| Plaintiff, | MOTION DATE    03/12/2024 |
| | MOTION SEQ. NO.    001 |

- v -

VOGRIN & FRIMET, LLP, STALKER, P.C.

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 72, 73, 77

were read on this motion to/for              DISMISSAL              .

Upon the foregoing documents, and after oral argument, which took place on January 14, 2025, where Evan S. Fensterstock, Esq. appeared for Plaintiff Golden Insurance Company, a Risk Retention Group ("Plaintiff"), Corey Cohen, Esq. appeared for Defendant Vogrin & Frimet LLP ("Vogrin & Frimet") and Nicholas Goodman, Esq. appeared for Defendant Stalker, P.C. ("Stalker") (collectively "Defendants"), Vogrin & Frimet's motion to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(1) and (a)(7) is granted in part and denied in part.

## I.    Background

Plaintiff issued a commercial general liability insurance policy (the "Policy") to non-party Ingrid Home LLC ("Ingrid"). Plaintiff alleges that pursuant to the terms of the Policy, damages for bodily injury were only covered if incurred at a construction project at 356 E. 8th Street, New York, NY 10009 (the "Premises"). On January 14, 2016, Ingrid was notified of an accident on the Premises involving a worker, Luis Alberto Pomboza, ("Pomboza"). On January 20, 2016, Ingrid's

**162162/2023 GOLDEN INSURANCE COMPANY, A RISK RETENTION GROUP vs. VOGRIN & FRIMET, LLP ET AL**
**Motion No. 001**

**Page 1 of 5**

[* 1]

counsel forwarded that letter to Plaintiff and Plaintiff's claim administrator. On March 4, 2016, Plaintiff's counsel, denied coverage.

On December 21, 2017, Pomboza's estate commenced a lawsuit against Ingrid and others (the "Underlying Lawsuit"). In January 2018, Ingrid notified Plaintiff of the Complaint, and Plaintiff issued a reservation of rights letter acknowledging its obligation to defend Ingrid subject to the right to disclaim coverage. Subsequently, Plaintiff retained Defendants to prosecute declaratory judgment action seeking a declaration no coverage was owed to Ingrid in the Underlying Lawsuit. The declaratory judgment action was filed on February 10, 2020 (the "Declaratory Judgment Action"). Ingrid asserted as an affirmative defense that Plaintiff failed to comply with § 3420(d)(2).

In the Declaratory Judgment Action, Defendants moved for summary judgment on behalf of Plaintiff while Ingrid also moved for summary judgment. Defendants failed to raise precedent holding that risk retention groups are not bound by the requirements of § 3420(d)(2). The complaint was dismissed based on Plaintiff's alleged failure to comply with § 3420(d)(2). A motion to reconsider was denied because Defendants raised Court of Appeals precedent for the first time on reargument. The Second Circuit affirmed the lower court's decision. Because the Declaratory Judgment Action failed, Plaintiff settled the Underlying Action for $900,000. Plaintiff now sues Defendants alleging legal malpractice and negligence. In this motion, Vogrin & Frimet moves to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(1) and (a)(7).

## II. Discussion

### A. Standard

A motion to dismiss based on documentary evidence pursuant to CPLR § 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual

**162162/2023  GOLDEN INSURANCE COMPANY, A RISK RETENTION GROUP vs. VOGRIN & FRIMET, LLP ET AL**
**Motion No. 001**

**Page 2 of 5**

2 of 5

allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]). When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]).

## B. Legal Malpractice

Vogrin & Frimet's motion to dismiss Plaintiff's legal malpractice claim is denied. The crux of Vogrin & Frimet's motion is that Plaintiff fails to allege adequately that Defendants' failure to raise the operative Court of Appeals case, *Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC*, 34 NY3d 1 (2019), proximately caused the damages. They argue even had Defendants raised *Nadkos*, Defendants may still have lost based on Ingrid's other defenses, including waiver and estoppel. However, this argument is contrary to the Southern District of New York's decision on the motion for summary judgment (NYSCEF Doc. 64).

The decisions by the Southern District of New York and the Second Circuit framed the dispositive issue as one of compliance with Insurance Law § 3420(d)(2). Judge Lewis Liman explicitly stated that Plaintiff "failed to provide a timely disclaimer under the New York Insurance Law, and thus may not now issue a disclaimer. This is not a matter of waiver." On appeal, the Second Circuit's decision focused solely on timely disclaimer under Insurance Law § 3420(d)(2) and made no mention of the common law doctrines of waiver and estoppel (*see Golden Ins. Co. v*

162162/2023 GOLDEN INSURANCE COMPANY, A RISK RETENTION GROUP vs. VOGRIN & FRIMET, LLP ET AL
Motion No. 001

Page 3 of 5

3 of 5

*Ingrid House LLC*, 2022 WL 2165252 at *2-3 [2d Cir. 2022]). Moreover, the Second Circuit explicitly declined to address the application of *Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC*, 34 NY3d 1 (2019) because it was raised for the first time on a motion to reconsider (*Golden, supra* at *4).

For purposes of a pre-answer motion to dismiss, the pleadings and supporting documents show that Plaintiff's allegations adequately allege proximate cause and do not fall into the realm of mere speculation. While Defendants are welcome to defend proximate cause pursuant to the "case within a case" doctrine (*see, e.g. Carasco v Schlesinger*, 222 AD3d 476, 477 [1st Dept 2023]), which may ultimately be successful on a subsequent motion for summary judgment, at this juncture, Defendants' arguments are insufficient to win a pre-answer motion to dismiss.

## C. Negligence

Vogrin & Frimet's motion to dismiss Plaintiff's second cause of action alleging ordinary negligence is granted. The ordinary negligence claim, which seeks the same damages and arises from the same set of facts of Plaintiff's legal malpractice claim, is duplicative (*see I.M.P. Plumbing & Heating Corp. v Munzer & Saunders, LLP*, 199 AD3d 569, 571 [1st Dept 2021] citing *Sun Graphics Corp. v Levy, Davis & Maher, LLP*, 94 AD3d 669, 669 [1st Dept 2012]). Therefore, the cause of action alleging ordinary negligence is dismissed.

Accordingly, it is hereby,

ORDERED that Defendant Vogrin & Frimet LLP's motion to dismiss Plaintiff Golden Insurance Company, a Risk Retention Group's Complaint is granted in part and denied in part; and it is further

ORDERED that Defendant Vogrin & Frimet LLP's motion to dismiss Plaintiff Golden Insurance Company, a Risk Retention Group's Complaint is granted solely to the extent that

**162162/2023  GOLDEN INSURANCE COMPANY, A RISK RETENTION GROUP vs. VOGRIN & FRIMET, LLP ET AL**
**Motion No. 001**

**Page 4 of 5**

Plaintiff's second cause of action alleging ordinary negligence is dismissed, and the motion is otherwise denied; and it is further

ORDERED that the parties are directed to immediately meet and confer and submit a proposed preliminary conference order to the Court via e-mail at SFC-Part33-Clerk@nycourts.gov as soon as possible, but no later than August 18, 2025. If the parties cannot agree to a proposed preliminary conference order, they shall appear for an in-person preliminary conference on August 20, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within twenty days of entry of this Decision and Order, Defendants shall file an Answer to Plaintiff's Complaint; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/4/2025 | | *Mary V Rosado JSC* | |
|---|---|---|---|
| DATE | | HON. MARY V. ROSADO, J.S.C. | |

CHECK ONE:
| | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |

APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER

CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE

**162162/2023   GOLDEN INSURANCE COMPANY, A RISK RETENTION GROUP vs. VOGRIN & FRIMET, LLP ET AL**          Page 5 of 5
**Motion No. 001**

5 of 5