Fox & Main, LLC v Pyramid-BMC Holdings, LLC (2025 NY Slip Op 02292)

Fox & Main, LLC v Pyramid-BMC Holdings, LLC

2025 NY Slip Op 02292

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 653020/24|Appeal No. 4152-4152A|Case No. 2024-6814|

[*1]Fox And Main, LLC, et al., Plaintiffs-Respondents,
v
Pyramid-BMC Holdings, LLC, et al., Defendants-Appellants.

Mound Cotton Wollan & Greengrass LLP, New York (Kenneth M. Labbate of counsel), for appellants.
Pryor Cashman LLP, New York (Itai Y. Raz of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered October 24, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss or, in the alternative, to stay the action pending arbitration, unanimously affirmed, with costs. Supplemental order, same court and Justice, entered October 24, 2024, which clarified the effect of the subject agreements' limitation on liability provision, unanimously affirmed, with costs.
Contrary to defendants' contention, plaintiffs' claims, alleging breach of various hotel management agreements (HMAs), fall outside the narrow arbitration provision contained in the parties' HMAs (cf. Reed Elsevier Inc. v Watch Holdings, LLC, 30 AD3d 222, 223 [1st Dept 2006]).
The court properly denied defendants' motion to dismiss the fifth cause of action by plaintiff Aspen Lodging Group, LLC (ALG) for breach of the contribution and assignment agreement (transaction agreement) against defendant Pyramid-BMC Holdings, LLC. ALG's claim under the transaction agreement is not duplicative of the other plaintiffs' contract claims, as the claim is brought by a different plaintiff, against a different defendant, under a different agreement, and seeking different damages (cf. Sun Graphics Corp. v Levy, Davis & Maher, LLP, 94 AD3d 669, 669 [1st Dept 2012]). Furthermore, while the limitation on liability provision in the HMAs barred claims against affiliates, it only barred claims for defaults or breaches under the HMAs. As such, the provisions did not bar ALG's claims under the transaction agreement. We decline to consider defendants' argument that the transaction agreement does not actually impose any obligations upon Pyramid-BMC regarding performance under the HMAs, because the argument was raised for the first time in their reply brief. In any event, the argument is not dispositive.
The court properly construed the limitation on liability provision as barring collection against defendants above a capped amount, but expressly allowing recovery against defendants' insurers, if any, and if applicable. Contrary to defendants' contention, the relevant provision language in the HMAs, i.e., "without limiting Owner's ability to collect the full extent of its damages from any of Operator's insurance policies," does not limit plaintiffs to only claims on policies on which they have been named additional insureds.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025